THE WAND LAW FIRM
Aubry Wand (SBN 281207)
400 Corporate Pointe, Suite 300
Culver City, California 90230
Telephone:  (310) 590-4503
Facsimile:  (310) 590-4596
E-mail: awand@wandlawfirm.com

SCHNEIDER WALLACE COTTRELL
KONECKY WOTKYNS LLP
Todd M. Schneider (SBN 158253)
Jason H. Kim (SBN 220279)
Kyle G. Bates (SBN 299114)
2000 Powell Street, Suite 1400
Emeryville, California 94608
Telephone: (415) 421-7100
Facsimile: (415) 421-7105
E-mail: tschneider@schneiderwallace.com
         jkim@schneiderwallace.com
         kbates@schneiderwallace.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| JAMES KNAPP, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>      v.<br><br>ART.COM, INC., a California corporation; and DOES 1 through 50, inclusive,<br><br>    Defendants. | CASE NO.:<br><br>**CLASS ACTION COMPLAINT**<br><br>1. **California False Advertising Law**<br>2. **California Unfair Competition Law**<br>3. **Unjust Enrichment and Common Law Restitution**<br><br>**DEMAND FOR JURY TRIAL** |

1    Plaintiff James Knapp ("Plaintiff"), on behalf of himself and all others

2  similarly situated, brings this action against Defendant Art.com, Inc. and Does 1

3  through 50 ("Art.com" or "Defendant") to recover monetary damages, injunctive

4  relief, and other remedies for violations of California laws.  Plaintiff makes the

5  following allegations on information and belief, except as to allegations pertaining

6  to Plaintiff individually, which is based on his personal knowledge.

7                            **INTRODUCTION**

8    1.    Art.com owns and operates several highly successful online commerce

9  (hereinafter, "E-commerce") websites that sell posters and other home décor

10  products.  During the statute of limitations period, and continuing to this day,

11  Art.com has created, maintained, and implemented an online advertising and sales

12  campaign that is false, misleading and deceptive.

13    2.    Specifically, Art.com deceives consumers throughout the United States,

14  who are browsing online via its E-commerce websites, www.art.com,

15  www.posters.com, and www.allposters.com, by offering perpetual sales.  These

16  sales are perpetual because they never end; there is generally zero lag time between

17  the end of one sale and the beginning of another sale.  Because the merchandise is

18  perpetually on sale, the so-called sale price is actually the price at which Art.com

19  regularly offers for sale, and sells, its merchandise.

20    3.    Art.com has willfully engaged in this deceptive and unlawful conduct

21  for one purpose – to maximize profits.  Consumers, like Plaintiff, who are browsing

22  Art.com's websites, are deceived into purchasing merchandise because they are

23  likely to believe that the purported sale (and consequently the discounted price) is

24  going to end, when in reality, Art.com simply replaces the sale with another sale.

25    4.    As a result of Art.com's unlawful scheme, Art.com has been able to

26  overcharge Plaintiff and other Class members for merchandise, induce purchases

27  that would otherwise not have occurred, and/or obtain wrongful profits.  Art.com's

28  misconduct has caused Plaintiff and Class members to suffer significant damages.

## JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d)(2), because this is a class action, including claims asserted on behalf of a nationwide class, filed under Rule 23 of the Federal Rules of Civil Procedure; there are hundreds of thousands of proposed Class members; the aggregate amount in controversy exceeds five million dollars; and Art.com, Inc. is a citizen of a state different from that of members of the Class.  This Court also has subject matter jurisdiction over the claims of Plaintiff and the proposed Class pursuant to 28 U.S.C. § 1367(a).

6.      This Court has personal jurisdiction over Art.com because: a substantial portion of the wrongdoing alleged in this Complaint took place in the State of California; Art.com is California corporation that maintains its corporate headquarters in Emeryville, California; and Art.com is authorized to do business in the State of California, has sufficient minimum contacts with the State of California, and/or otherwise intentionally avails itself of the markets in the State of California through the promotion, marketing, and sale of products and services in this State, to render the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7.      Venue is proper in this District under 28 U.S.C. §§ 1391(a)-(d) because the headquarters of Art.com are located in the Northern District of California and because substantial parts of the events or omissions giving rise to the claims occurred in this District and/or a substantial part of property that is the subject of this action is situated in this District.

## PLAINTIFF

8.      Plaintiff is a United States citizen and currently resides in Los Angeles, California.  On October 11, 2015, Plaintiff purchased a framed piece of artwork from Art.com online through the www.art.com website.

9.     Plaintiff brings this action on behalf of himself and the following similarly situated Class of individuals ("Class members"): all natural persons located within the United States who purchased any product online from Art.com through the E-commerce websites, www.art.com, www.posters.com, and/or www.allposters.com at any time beginning four (4) years prior to the filing of this action, and ending at the time this action settles or proceeds to final judgment. Plaintiff reserves the right to name additional Class representatives.

## DEFENDANT

10.     Art.com is a corporation existing under the laws of the State of California, with its headquarters and principal place of business located at 2100 Powell Street, Emeryville, California 94608.  Art.com does business throughout the State of California and the United States primarily through several E-commerce websites (www.art.com, www.posters.com, and www.allposters.com), which it owns and operates, and which are the vehicles of the false advertising and unfair business practices that form the basis of this action.

## FACTUAL ALLEGATIONS

### Art.com Dominates the Online Wall Décor Market

11.     Art.com dominates the online wall décor market in California and throughout the United States.  Art.com utilizes the E-commerce websites www.art.com, www.posters.com, and www.allposters.com to jointly and simultaneously deceive consumers through false perpetual sales.

12.     The E-commerce website www.art.com is the primary, if not only, means by which consumers, in the State of California and throughout the United States, can purchase merchandise from Art.com.  On its E-commerce website, Art.com advertises itself as "the world's largest online specialty retailer of high-quality wall art and complementary décor."  Art.com further advertises on its E-commerce website as follows:

> "From the moment you browse our site to the day your art is delivered, our team has one goal in mind: to delight you, every step of the way. From Basquiat to Van Gogh and every style in between, Art.com features an unparalleled assortment of fine art, limited edition and exclusive pieces, specialty prints, tapestries, reproductions of contemporary originals, handpainted originals, photography, vintage art and more. Sophisticated mobile and visual search tools make it fun to explore Art.com's vast collection of more than one million works and preview artwork on your own walls."

13.     On information and belief, Art.com owns and operates the E-commerce website www.posters.com.  At the bottom of the www.posters.com website it states, "POSTERS.COM, A DIVISION OF ART.COM INC."  *See*, *infra*, Figure 11.

14.     AllPosters.com, which has been owned and operated by Art.com during the relevant period, also specializes in the sale of wall décor products, primarily through the E-commerce website www.allposters.com.  On information and belief, in or around 2005, and well outside the statute of limitations period, AllPosters.com merged with Art.com to form a single company.  AllPosters.com is a brand name that is owned and operated by Art.com.  On the www.art.com website, Art.com lists AllPosters.com as one of its "brands."

15.     The E-commerce website www.allposters.com is the primary, if not only, means by which consumers, in the State of California and throughout the United States, can purchase merchandise from AllPosters.com.  On its website, AllPosters.com similarly advertises itself as "the world's largest online retailer of wall décor."  AllPosters.com further advertises on its E-commerce website as follows:

> "With its unparalleled assortment, AllPosters.com is a 'one-stop-shop' for finding unique items that can't be found anywhere else, in a variety of formats: everything from posters and prints to wall signs, wall murals, stand-ups and even T-shirts.  In addition to offering the world's largest assortment of classic posters and art prints, the site also features the latest trends in pop culture, music, movies, TV, sports, college, and humor."

16.     According to Internet Retailer Guide's Top 500 E-Commerce Guide, for the year 2015, Art.com was ranked number 134 on the list of the largest U.S. and Canadian E-commerce retailers.

17.     Art.com boasts on its E-commerce website www.art.com that it has "[m]ore than 17 million customers in 120 countries worldwide . . . "

18.     Art.com has reaped tremendous profits from online sales, which continue to increase year after year, as demonstrated in the table below:

| Year | Web Sales |
|------|-----------|
| 2014 | $248,000,000 |
| 2013 | $216,000,000 |
| 2012 | $179,550,000 |
| 2011 | $171,000,000 |
| 2010 | $166,321,273 |

Internet Retailer Guide's Top 500 E-Commerce Guide.

19.     According to Internet Retailer Guide's Top 500 E-Commerce Guide, in the year 2014, 74% of all traffic on www.art.com was attributed to new shoppers, while return shoppers accounted for 26% of website traffic.  Art.com has derived, and continues to derive, substantial profits from the misleading advertising of false sales to both new and returning online customers.

**The Unlawful Conduct Stems from California**

20.     All of the unlawful conduct alleged herein occurred in the State of California.  Art.com controls all business activities and decisions of Art.com and AllPosters.com out of its corporate headquarters located in Emeryville, California. The misleading marketing, advertising, and sales information alleged herein was conceived, reviewed, approved, controlled and disseminated from Art.com's headquarters in Emeryville, California.

21.     At the direction of its corporate officers and board of directors – most if not all of whom work and reside in Emeryville, California – Art.com creates, implements, designs, utilizes, maintains and disseminates the false and deceptive advertising, marketing, and business and profit models that are the subject of this lawsuit.  All significant decisions regarding marketing and advertising, including the unlawful conduct alleged herein, were made within California.

22.     The injuries suffered by Plaintiff and Class members were caused by Art.com's false advertising that originated from Art.com's headquarters in Emeryville, California, and was carried out, and inflicted upon consumers, from there to consumers throughout California and the United States through Art.com's E-commerce websites (www.art.com, www.posters.com, and www.allposters.com).

23.     On information and belief, when Plaintiff and Class members purchased merchandise through Art.com's E-commerce websites, the billing and payment for those transactions was processed on Art.com's servers located in Emeryville, California.  On further information and belief, Art.com has developed its E-commerce websites with a combination of in-house and outsourced technology.  All technological operations were created, designed, contracted, implemented, modified, and/or maintained in the State of California.

24.     Art.com has been named as a defendant in several patent lawsuits, in which various companies have alleged that Art.com has infringed upon their patents pertaining to software programming.  For instance, one company has alleged that Art.com infringed upon its patent regarding the "method of triggering a selected machine event in a system including a multiplicity of computer controlled machines and a multiplicity of users. One such machine event includes sending reminder emails to online shoppers who place items in their online shopping carts and then delay purchasing items in their online shopping carts." *See* Complaint, *Ubicomm LLC v. Art.com, Inc. d/b/a AllPosters*, Case No. 1:13-cv-01018-RGA (Del. June 6, 2013).

25.     Thus, on information and belief, an integral part of Art.com's business and profitability stems from its complex computer software, some of which Art.com has intentionally designed to advertise deceptive sales to online consumers.

26.     On the "TERMS OF SALE" page of www.art.com, under the header, "APPLICABLE LAW," Art.com requires that, "The offers by Art.com, Inc., your orders, and the agreements between us for the delivery of or services and products are subject to the laws of the State of California. The state or federal courts located in Alameda County, California will have exclusive jurisdiction to settle any dispute between us in or relation to our products or services."  The "APPLICABLE LAW" provision quoted herein purports to have been updated as of "April 2015."

27.     Similarly, on the "TERMS OF SALE" page of www.allposters.com, under the header "Applicable Law," Art.com requires that, "The offers by Art.com, Inc., your orders, and the agreements between us for the delivery of our services and products are subject to the laws of the State of California. The state or federal courts located in Alameda County, California will have exclusive jurisdiction to settle any dispute between us in relation to our products or services."  The "Applicable Law" provision quoted herein purports to have been updated as of "August 2015."

**Art.com's Unlawful Perpetual Sales**

28.     By and through the three E-commerce websites www.art.com, www.posters.com, and www.allposters.com, Art.com implements a scheme to deceive consumers into believing they are being offered a discount from Art.com's regular prices when, in fact, they are not.

**www.posters.com**

29.     When a consumer visits the E-commerce website www.posters.com, various merchandise is advertised – all of which are purportedly on sale.  For instance, on January 29, 2016, advertised on the homepage of www.posters.com, was a "Deadpool Comic Book Poster" for "$8.44 With 35% Coupon AWR946."  In

a text box it also says, "$12.99 ADD TO CART."  *See* Figure 1 (Sale advertised on www.posters.com on January 29, 2016).

30.  When the consumer then clicks on the "Add to Cart" button – which is the only means of purchasing the product on the www.posters.com website – the consumer is automatically redirected to www.allposters.com, and the item is also automatically added to the consumer's shopping cart on www.allposters.com.  *See* Figure 2 (on January 29, 2016, the consumer is automatically redirected to www.allposters.com after clicking "ADD TO CART" on www.posters.com).

31.  Art.com provides a six-character code on all three of its E-commerce websites (hereinafter referred to as "Sale Code"), which changes with each sale, and which consumers can enter at the time of checkout in order to take advantage of the purported sale.  *See* Figure 3 (on January 29, 2016, after clicking on the "Checkout" button, the consumer is given the option of entering the Sale Code).

32.  On January 29, 2016, www.allposters.com had a 35% sale with the same coupon code "AWR946," and www.art.com also had a 35% sale with a different coupon code.

33.  Art.com essentially uses www.posters.com as a conduit to redirect consumers to www.allposters.com.  Thus, the specific allegations regarding Art.com's false and deceptive pricing scheme are focused on www.art.com and www.allposters.com, below.

**www.art.com and www.allposters.com**

34.  The E-commerce websites www.art.com and www.allposters.com have sales that mirror each other: they both have a similar design layout, wherein sales are perpetually listed at the top of each homepage.

35.  During the relevant time period, and continuing to this day, Art.com prominently displays at the top of its E-commerce websites, www.art.com and www.allposters.com, sales that are designed to falsely induce consumers to purchase their products under the mistaken belief that they are getting a significant bargain.

These sales (hereinafter referred to as "Perpetual Sales") are substantially identical on each website.  Specifically, www.art.com and www.allposters.com have the same Perpetual Sales ranging from 30% to 50% off the "regular price."  *See* Figures 4 and 5 (Examples of Perpetual Sales advertised on www.art.com and www.allposters.com on October 13, 2015).

36.     Art.com also regularly advertises another separate sale in a text box right below the Perpetual Sale advertised at the top of the website.[1]  These sales (hereinafter referred to as "Concurrent Sales") run at the same time as the Perpetual Sales.  The Concurrent Sale, on occasion, differs from the Perpetual Sale (i.e., the Concurrent Sale offers a different discount off the regular price from the Perpetual Sale).  For instance, on October 25, 2015, Art.com advertised a Perpetual Sale of "40% OFF ALL ORDERS* – TODAY ONLY ENDS 10/25/15" at the top of the www.art.com website, but in an orange text box right below it, there was a Concurrent Sale advertised for "45% EVERYTHING* ENDS TODAY."  The Sale Code for the Perpetual Sale was "WRA437" and the Sale Code for the Concurrent Sale was "XYM747."  *See* Figure 6 (Example of Concurrent Sale advertised on www.art.com on October 25, 2015 that differs from the Perpetual Sale).

37.     Similarly, on October 25, 2015, Art.com advertised a Perpetual Sale of "40% OFF EVERYTHING* TODAY ONLY" at the top of the www.allposters.com website, but in a black text box right below it, there was a Concurrent Sale advertised for "45% OFF EVERYTHING* ENDS TODAY."  The Sale Code for the Perpetual Sale was "RDW994" and the Sale Code for the Concurrent Sale was "ZRW347."  *See* Figure 7 (Example of Concurrent Sale advertised on www.allposters.com on October 25, 2015 that differs from the Perpetual Sale).

---

[1]     Sometimes there are no sales listed in this text box, and instead there are simply advertisements for different products.  For instance, on October 13, 2015, there was an advertisement regarding custom framing.  *See*, *e.g.*, *supra*, Figure 4 (relevant provision circled in blue).

38.     On other occasions, the Concurrent Sale corresponds with the Perpetual Sale (i.e., both sales purportedly offer the same discount off the regular price and have the same Sale Code).  For instance, on November 17, 2015, Art.com advertised a Perpetual Sale of "45% OFF ALL ORDERS – TODAY ONLY ENDS 11/17/15" at the top of the www.art.com website, and in a black text box right below it, there was a Concurrent Sale advertised for "45% OFF EVERYTHING* OFFER EXTENDED – ENDS TODAY."  The Sale Code for both the Perpetual Sale and the Concurrent Sale was "FRT343."  *See* Figure 8 (Example of Concurrent Sale advertised on www.art.com on November 17, 2015 that is the same as the Perpetual Sale).

39.     Similarly, on November 17, 2015, Art.com advertised a Perpetual Sale of "45% OFF EVERYTHING* TODAY ONLY" at the top of the www.allposters.com website, and in an orange text box right below it, there was a Concurrent Sale advertised for "45% OFF EVERYTHING* OFFER EXTENDED – ENDS TODAY."  The Sale Code for both the Perpetual Sale and the Concurrent Sale was "PLR963."  *See* Figure 9 (Example of Concurrent Sale advertised on www.allposters.com on November 17, 2015 that is the same as the Perpetual Sale).

40.     The variation between the Perpetual Sales and the Concurrent Sales – in which sometimes they are the same and sometimes they are different – further illustrates that these are not bona fide sales, but rather, they are nothing more than marketing ploys to deceive consumers into believing they are getting a bargain deal.

41.     Thus, Art.com does not actually offer for sale or sell its merchandise at the advertised regular price.  Instead, Art.com conducts sale after sale.  Because the merchandise is perpetually on sale, the so-called sale price is actually the price at which Art.com regularly offers for sale, and sells, its merchandise.

42.     Art.com's merchandise has been continually on sale for years, even though each advertised sale is described as being of limited duration (for varying periods of time, usually between one and two days), thus creating the false and

misleading impression that the price will increase back to the regular price if a consumer does not make a purchase by the end of the sale.  In fact, the price does not increase back to the regular price at the conclusion of the sale, as each sale is simply followed by another one.

43.     The short lived sales on Art.com's websites end at "23:59 in your local time zone" on the date for which the sale purportedly ends.  *See* Figure 10 (Example of a pop-up window on www.allposters.com on December 4, 2015, when a consumer clicks on the "See Offer Details" link right below the advertised Perpetual Sale).

44.     There is also a disclaimer at the bottom of the www.posters.com website that states, "DISCLAIMER.  All deals end at 11:59PM Pacific Standard Time on the stated end date."  *See* Figure 11 (the bottom of the homepage of www.posters.com on January 29, 2016).

45.     There is generally zero lag time between the end of one sale and the beginning of another sale.  The www.art.com and www.allposters.com websites are programmed to automatically generate, and prominently advertise, a new sale between 12:00 p.m. on the end date of the sale and 12:05 a.m. on the day after the end date of the sale.  On the www.art.com website, the new sale is frequently regenerated at approximately 11:59 p.m. on the sale end date – even before the previous sale was advertised to expire.

46.     As depicted in the tables below, Art.com continuously and without interruption offers Perpetual Sales at top of their E-commerce websites:

**Perpetual Sales: www.art.com**

| Sale Start Date | Sale End Date | Sale Description | Sale Code |
|---|---|---|---|
| 10/12/15 | 10/12/15 | "45% OFF ALL ORDERS* - TODAY ONLY" "ENDS 10/12/15" | "MZN898" |
| 10/13/15 | 10/13/15 | "45% OFF SALE EXTENDED* - ENDS TONIGHT" "ENDS 10/13/15" | "MZN898" |
| 10/14/15 | 10/14/15 | "35% OFF ALL ORDERS* - ENDS TODAY" "ENDS 10/14/15" | "NHH798" |
| 10/15/15 | 10/16/15 | "35% OFF ALL ORDERS* - ENDS | "PKT398" |

| | | TOMORROW" "ENDS 10/16/15" | |
|---|---|---|---|
| 10/16/15 | 10/16/15 | "35% OFF ALL ORDERS* - ENDS TODAY" "ENDS 10/16/15" | "PKT398" |
| 10/17/15 | 10/17/15 | "40% OFF FRAMED ART* - TODAY ONLY" "ENDS 10/17/15" | "RMR696" |
| 10/18/15 | 10/18/15 | "40% OFF ALL ORDERS* - TODAY ONLY" "ENDS 10/18/15" | "RPP498" |
| 10/19/15 | 10/19/15 | "45% OFF ALL ORDERS* - TODAY ONLY" "ENDS 10/19/15" | "YMD463" |
| 10/20/15 | 10/20/15 | "45% OFF ALL ORDERS - EXTENDED" "ENDS 10/20/15" | "YMD463" |
| 10/21/15 | 10/21/15 | "30% OFF ALL ORDERS* - TODAY ONLY" "ENDS 10/21/15" | "KDK643" |
| 10/22/15 | 10/23/15 | "35% OFF ALL ORDERS* - ENDS TOMORROW" "ENDS 10/23/15" | "TTY836" |
| 10/23/15 | 10/23/15 | "35% OFF ALL ORDERS* - ENDS TODAY" "ENDS 10/23/15" | "TTY836" |
| 10/24/15 | 10/24/15 | "35% OFF FRAMED ART* - TODAY ONLY" "ENDS 10/24/15" | "WEL333" |
| 10/25/15 | 10/25/15 | "40% OFF ALL ORDERS* - TODAY ONLY" "ENDS 10/25/15" | "WRA437" |
| 10/26/16 | 10/26/15 | "45% OFF ALL ORDERS* - TODAY ONLY" "ENDS 10/26/15" | "XYM747" |
| 10/27/15 | 10/27/15 | "45% OFF ALL ORDERS - EXTENDED" "ENDS 10/27/15" | "HKN339" |
| 10/28/15 | 10/28/15 | "30% OFF ALL ORDERS - TODAY ONLY" "ENDS 10/28/15" | "ELD646" |
| 10/29/15 | 10/30/15 | "35% OFF ALL ORDERS – ENDS TOMORROW" "ENDS 10/30/15" | "ZTG734" |
| 10/30/15 | 10/30/15 | "35% OFF ALL ORDERS – ENDS TODAY" "ENDS 10/30/15" | "ZTG734" |
| 10/31/15 | 10/31/15 | "40% OFF FRAMED ART* - TODAY ONLY" "ENDS 10/31/15" | "ZTF736" |
| 11/1/15 | 11/1/15 | "40% OFF ALL ORDERS – TODAY ONLY" "ENDS 11/1/15" | "AGR797" |
| 11/2/15 | 11/2/15 | "45% OFF ALL ORDERS – TODAY ONLY" "ENDS 11/2/15" | "ANT378" |
| 11/3/15 | 11/3/15 | "45% OFF ALL ORDERS – TODAY ONLY" "ENDS 11/3/15" | "CAA987" |
| 11/4/15 | 11/4/15 | "35% OFF ALL ORDERS – TODAY ONLY" "ENDS 11/4/15" | "CCH838" |
| 11/5/15 | 11/6/15 | "35% OFF ALL ORDERS – ENDS TOMORROW" "ENDS 11/6/15" | "CDE834" |
| 11/6/15 | 11/6/15 | "35% OFF ALL ORDERS – ENDS TODAY" "ENDS 11/6/15" | "CDE834" |
| 11/7/15 | 11/7/15 | "35% OFF ALL ORDERS – TODAY ONLY" "ENDS 11/7/15" | "CGX439" |
| 11/8/15 | 11/8/15 | "40% OFF ALL ORDERS – TODAY ONLY" "ENDS 10/30/15" | "CHF389" |
| 11/9/15 | 11/9/15 | "45% OFF ALL ORDERS – TODAY ONLY" "ENDS 11/9/15" | "DMK646" |
| 10/10/15 | 11/10/15 | "45% OFF ALL ORDERS – TODAY ONLY" "ENDS 11/10/15" | "DPK466" |
| 11/11/15 | 11/12/15 | "35% OFF ALL ORDERS – ENDS | "DZH398" |

CLASS ACTION COMPLAINT

| | | TOMORROW" "ENDS 11/12/15" | |
|---|---|---|---|
| 11/12/15 | 11/12/15 | "35% OFF ALL ORDERS – ENDS TODAY" "ENDS 11/12/15" | "DZH398" |
| 11/13/15 | 11/14/15 | "35% OFF ALL ORDERS – ENDS TOMORROW" "ENDS 11/14/15" | "ELE994" |
| 11/14/15 | 11/14/15 | "35% OFF ALL ORDERS – ENDS TODAY" "ENDS 11/14/15" | "ELE994" |
| 11/15/15 | 11/15/15 | "40% OFF ALL ORDERS – TODAY ONLY" "ENDS 11/15/15" | "ERN788" |
| 11/16/15 | 11/16/15 | "45% OFF ALL ORDERS – TODAY ONLY" "ENDS 11/16/15" | "FRR936" |
| 11/17/15 | 11/17/15 | "45% OFF ALL ORDERS – TODAY ONLY" "ENDS 11/17/15" | "FRT343" |
| 11/18/15 | 11/18/15 | "35% OFF ALL ORDERS – TODAY ONLY" "ENDS 11/18/15" | "FXA646" |
| 11/19/15 | 11/20/15 | "35% OFF ALL ORDERS – ENDS TOMORROW" "ENDS 11/20/15" | "GGE897" |
| 11/20/15 | 11/20/15 | "35% OFF ALL ORDERS – ENDS TODAY" "ENDS 11/20/15" | "GGE897" |
| 11/21/15 | 11/22/15 | "40% OFF ALL ORDERS – ENDS TOMORROW" "ENDS 11/22/15" | "HLN848" |
| 11/22/15 | 11/22/15 | "40% OFF ALL ORDERS – ENDS TODAY" "ENDS 11/12/15" | "HLN848" |
| 11/23/15 | 11/23/15 | "40% OFF ALL ORDERS – TODAY ONLY" "ENDS 11/23/15" | "KAA897" |
| 11/24/15 | 11/24/15 | "40% OFF ALL ORDERS – TODAY ONLY" "ENDS 11/24/15" | "KAA897" |
| 11/25/15 | 11/27/15 | "45% OFF ALL ORDERS – ENDS FRIDAY" "ENDS 11/27/15" | "BLACK FRIDAY" |
| 11/1/15 | 11/27/15 | "45% OFF ALL ORDERS – ENDS TOMORROW" "ENDS 11/27/15" | "BLACK FRIDAY" |
| 11/27/15 | 11/27/15 | "BLACK FRIDAY – 45% OFF ALL ORDERS" "ENDS 11/27/15" | "BLACK FRIDAY" |
| 11/28/15 | 11/28/15 | "BLACK FRIDAY EXTENDED – 45% OFF TODAY ONLY" "ENDS 11/28/15" | "BLACK FRIDAY" |
| 11/29/15 | 11/29/15 | "45% OFF ALL ORDERS – TODAY ONLY" "ENDS 11/29/15" | "XEL786" |
| 11/30/15 | 11/30/15 | "CYBER MONDAY – 50% OFF ALL ORDERS" "ENDS 11/30/15" | "CYBER MONDAY" |
| 12/1/15 | 12/1/15 | "50% OFF – CYBER MONDAY EXTENDED" "ENDS 12/1/15" | "CYBER MONDAY" |
| 12/2/15 | 12/2/15 | "45% OFF ALL ORDERS – TODAY ONLY" "ENDS 12/2/15" | "NGC479" |
| 12/3/15 | 12/4/15 | "45% OFF ALL ORDERS – ENDS TOMORROW" "ENDS 12/4/15" | "DDA787" |
| 12/4/15 | 12/4/15 | "45% OFF ALL ORDERS – ENDS TODAY" "ENDS 12/4/15" | "DDA787" |
| 12/5/15 | 12/13/15 | "45% OFF ALL ORDERS* – ENDS SOON" "ENDS 12/13/15" | "WEW686" |
| 12/6/15 | 12/13/15 | "45% OFF ALL ORDERS* – ENDS SOON" "ENDS 12/13/15" | "WEW686" |
| 12/7/15 | 12/13/15 | "45% OFF ALL ORDERS* – ENDS | "WEW686" |

| | | SOON" "ENDS 12/13/15" | |
|---|---|---|---|
| 12/8/15 | 12/8/15 | "45% OFF ALL ORDERS – ENDS TODAY" "ENDS 12/8/15" | "ZDC946" |
| 12/9/15 | 12/9/15 | "45% OFF ALL ORDERS* – TODAY ONLY" "ENDS 12/9/15" | "CMC784" |
| 12/10/15 | 12/10/15 | "45% OFF ALL ORDERS* – TODAY ONLY" "ENDS 12/10/15" | "WMK486" |
| 12/11/15 | 12/11/15 | "45% OFF ALL ORDERS* – TODAY ONLY" "ENDS 12/11/15" | "DKY868" |
| 12/12/15 | 12/12/15 | "45% OFF ALL ORDERS* – TODAY ONLY" "ENDS 12/12/15" | "NDR999" |
| 12/13/15 | 12/13/15 | "45% OFF ALL ORDERS* – TODAY ONLY" "ENDS 12/13/15" | "GLM646" |
| 12/14/15 | 12/14/15 | "50% OFF ALL ORDERS – TODAY ONLY" "ENDS 12/14/15" | "WPY986" |
| 12/15/15 | 12/15/15 | "50% OFF OFFER EXTENDED* – ENDS TODAY" "ENDS 12/15/15" | "REN687" |
| 12/16/15 | 12/16/16 | "45% OFF ALL ORDERS* – TODAY ONLY" "ENDS 12/16/15" | "WYR894" |
| 12/17/15 | 12/17/15 | "45% OFF OFFER EXTENDED* – ENDS TODAY" "ENDS 12/17/15" | "XPY897" |
| 12/18/18 | 12/18/18 | "45% OFF ALL ORDERS* – TODAY ONLY" "ENDS 12/18/15" | "KXN474" |

## Perpetual Sales: www.allposters.com

| Sale Start Date | Sale End Date | Sale Description | Sale Code |
|---|---|---|---|
| 10/12/15 | 10/12/15 | "45% OFF EVERYTHING* TODAY ONLY" | "KAT998" |
| 10/13/15 | 10/13/15 | "45% OFF EVERYTHING* TODAY ONLY" | "KAT998" |
| 10/14/15 | 10/14/15 | "35% OFF EVERYTHING* TODAY ONLY" | "ART493" |
| 10/15/15 | 10/16/15 | "35% OFF EVERYTHING* ENDS TOMORROW" | "DKW334" |
| 10/16/15 | 10/16/15 | "35% OFF EVERYTHING* ENDS TODAY" | "DKW334" |
| 10/17/15 | 10/17/15 | "35% OFF EVERYTHING* TODAY ONLY" | "NWH479" |
| 10/18/15 | 10/18/15 | "40% OFF EVERYTHING* TODAY ONLY" | "CGM873" |
| 10/19/15 | 10/19/15 | "45% OFF EVERYTHING* TODAY ONLY" | "LRE743" |
| 10/20/15 | 10/20/15 | "45% OFF EVERYTHING* TODAY ONLY" | "LRE743" |
| 10/21/15 | 10/21/15 | "30% OFF EVERYTHING* ENDS TODAY" | "AAR697" |
| 10/22/15 | 10/23/15 | "35% OFF EVERYTHING* ENDS TOMORROW" | "RZN768" |
| 10/23/15 | 10/23/15 | "35% OFF EVERYTHING* ENDS TODAY" | "RZN768" |

| 10/24/15 | 10/24/15 | "35% OFF EVERYTHING* TODAY ONLY" | "PPT793" |
|---|---|---|---|
| 10/25/15 | 10/25/15 | "40% OFF EVERYTHING* TODAY ONLY" | "RDW994" |
| 10/26/15 | 10/26/15 | "45% OFF EVERYTHING* TODAY ONLY" | "ZRW347" |
| 10/27/15 | 10/27/15 | "45% OFF EVERYTHING* TODAY ONLY" | "ZLG694" |
| 10/28/15 | 10/28/15 | "30% OFF EVERYTHING* ENDS TODAY" | "RAW679" |
| 10/29/15 | 10/30/15 | "35% OFF EVERYTHING* ENDS TOMORROW" | "MRF884" |
| 10/30/15 | 10/30/15 | "35% OFF EVERYTHING* ENDS TODAY" | "MRF884" |
| 10/31/15 | 10/31/15 | "35% OFF EVERYTHING* TODAY ONLY" | "RMK346" |
| 11/1/15 | 11/1/15 | "40% OFF EVERYTHING* TODAY ONLY" | "RGC643" |
| 11/2/15 | 11/2/15 | "45% OFF EVERYTHING* TODAY ONLY" | "GPA747" |
| 11/3/15 | 11/3/15 | "40% OFF EVERYTHING* TODAY ONLY" | "MMP684" |
| 11/4/15 | 11/4/15 | "35% OFF EVERYTHING* TODAY ONLY" | "CFR776" |
| 11/5/15 | 11/6/15 | "35% OFF EVERYTHING* ENDS TOMORROW" | "CCK967" |
| 11/6/15 | 11/6/15 | "35% OFF EVERYTHING* ENDS TODAY" | "CCK967" |
| 11/7/15 | 11/7/15 | "35% OFF EVERYTHING* TODAY ONLY" | "ARZ983" |
| 11/8/15 | 11/8/15 | "40% OFF EVERYTHING* TODAY ONLY" | "HRW389" |
| 11/9/15 | 11/9/15 | "45% OFF EVERYTHING* TODAY ONLY" | "TDY976" |
| 11/10/15 | 11/10/15 | "45% OFF EVERYTHING* TODAY ONLY" | "FHM687" |
| 11/11/15 | 11/12/15 | "35% OFF EVERYTHING* ENDS TOMORROW" | "WXK369" |
| 11/12/15 | 11/12/15 | "35% OFF EVERYTHING* ENDS TODAY" | "WXK369" |
| 11/13/15 | 11/14/15 | "35% OFF EVERYTHING* ENDS TOMORROW" | "TGL896" |
| 11/14/15 | 11/14/15 | "40% OFF EVERYTHING* ENDS TODAY" | "TGL896" |
| 11/15/15 | 11/15/15 | "40% OFF EVERYTHING* TODAY ONLY" | "TPN869" |
| 11/16/15 | 11/16/15 | "45% OFF EVERYTHING* TODAY ONLY" | "PLR963" |
| 11/17/15 | 11/17/15 | "45% OFF EVERYTHING* TODAY ONLY" | "PLR963" |
| 11/18/15 | 11/18/15 | "35% OFF EVERYTHING* TODAY ONLY" | "ZWG986" |
| 11/19/15 | 11/20/15 | "35% OFF EVERYTHING* ENDS TOMORROW" | "YYC638" |

| 11/20/15 | 11/20/15 | "35% OFF EVERYTHING* ENDS TODAY" | "YYC638" |
|---|---|---|---|
| 11/21/15 | 11/22/15 | "40% OFF EVERYTHING* ENDS TOMORROW" | "KND944" |
| 11/22/15 | 11/22/15 | "40% OFF EVERYTHING* ENDS TODAY" | "KND944" |
| 11/23/15 | 11/23/15 | "40% OFF EVERYTHING* TODAY ONLY" | "KZM434" |
| 11/24/15 | 11/24/15 | "40% OFF EVERYTHING* TODAY ONLY" | "KZM434" |
| 11/25/15 | 11/27/15 | "45% OFF EVERYTHING* ENDS FRIDAY" | "BLACK FRIDAY" |
| 11/26/15 | 11/27/15 | "45% OFF EVERYTHING* ENDS TOMORROW" | "BLACK FRIDAY" |
| 11/27/15 | 11/27/15 | "45% OFF EVERYTHING* ENDS TODAY" | "BLACK FRIDAY" |
| 11/28/15 | 11/28/15 | "45% OFF EVERYTHING* TODAY ONLY" | "BLACK FRIDAY" |
| 11/29/15 | 11/29/15 | "45% OFF EVERYTHING* TODAY ONLY" | "XEL786" |
| 11/30/15 | 11/30/15 | "50% OFF EVERYTHING* TODAY ONLY" | "CYBER MONDAY" |
| 12/1/15 | 12/1/15 | "50% OFF EVERYTHING* TODAY ONLY" | "CYBER MONDAY" |
| 12/2/15 | 12/2/15 | "45% OFF EVERYTHING* TODAY ONLY" | "PHM394" |
| 12/3/15 | 12/4/15 | "45% OFF EVERYTHING* ENDS TOMORROW" | "DDA787" |
| 12/4/15 | 12/4/15 | "45% OFF EVERYTHING* TODAY ONLY" | "DDA787" |
| 12/5/15 | 12/13/15 | "45% OFF EVERYTHING* ENDS SOON" | "XNZ348" |
| 12/6/15 | 12/13/15 | "45% OFF EVERYTHING* ENDS SOON" | "XNZ348" |
| 12/7/15 | 12/8/15 | "45% OFF EVERYTHING* ENDS TOMORROW" | "CRP767" |
| 12/8/15 | 12/8/15 | "45% OFF EVERYTHING* ENDS TODAY" | "CRP767" |
| 12/9/15 | 12/9/15 | "45% OFF EVERYTHING* TODAY ONLY" | "WYC368" |
| 12/10/15 | 12/10/15 | "45% OFF EVERYTHING* TODAY ONLY" | "CZR849" |
| 12/11/15 | 12/11/15 | "45% OFF EVERYTHING* TODAY ONLY" | "NZC876" |
| 12/12/15 | 12/12/15 | "45% OFF EVERYTHING* TODAY ONLY" | "KTL777" |
| 12/13/15 | 12/13/15 | "45% OFF EVERYTHING* OFFER EXTENDED – ENDS TODAY" | "XDC469" |
| 12/14/15 | 12/14/15 | "50% OFF EVERYTHING* TODAY ONLY" | "DML966" |
| 12/15/15 | 12/15/15 | "50% OFF EVERYTHING* OFFER EXTENDED – ENDS TODAY" | "DML966" |
| 12/16/16 | 12/16/16 | "45% OFF EVERYTHING* TODAY ONLY" | "YYA738" |

| 12/17/17 | 12/17/17 | "45% OFF EVERYTHING* OFFER EXTENDED – ENDS TODAY" | "WHZ387" |
|----------|----------|---------------------------------------------------|----------|
| 12/18/18 | 12/18/18 | "45% OFF EVERYTHING* OFFER EXTENDED – ENDS TODAY" | "FKZ849" |

47.     These deceptive sales are marketed to consumers through online search engines.  When a consumer searches "posters" on Google, the top ads are for www.allposters.com, www.art.com, and www.posters.com.  Some of these ads also represent the Perpetual Sale in order to induce consumers to visit the website.  For instance, on January 29, 2016, after searching "posters" on Google, the first ad for AllPosters.com states in relevant part, "Extra 35% Off When You Buy Today!"  *See* Figure 12 (Search result on Google on January 29, 2016 for "posters" yields an ad for www.allposters.com with the Perpetual Sale clearly visible to the consumer).

48.     Art.com also advertises these deceptive sales through an email marketing campaign.  If a consumer signs up to receive emails, Art.com begins to regularly send emails to that consumer that advertise its Perpetual Sales.  For instance, on December 28, 2015, Art.com sent an email with a subject line entitled "45% OFF – The Clock's Ticking," reminding consumers that there were only "HOURS LEFT" before the 45% off sale ended.  *See* Figure 13 (December 28, 2015 email sent by allpostersemail@em.allposters.com at approximately 3:04 PM)

49.     As part of its comprehensive and complex deceptive marketing campaign, Art.com occasionally advertises sales differently, depending on the platform the consumer is using to browse its E-commerce website and/or the consumer's IP address and/or the consumer's browsing/purchase history with Art.com.  On any given day, a consumer could potentially see a different sale advertised on one of its E-commerce websites depending on whether the consumer was viewing the website on a mobile device, such as a phone, or on a desktop computer.  For instance, on February 14, 2016, a consumer viewing www.allposters.com on a desktop computer saw a Perpetual Sale of "45% OFF EVERYTHING* TODAY ONLY" as well as a "A VALENTINE'S TREAT 45%

-18-

OFF EVERYTHING* TODAY ONLY" with the same Sale Code of "GRT998" for both sales.  However, a consumer viewing the same website at the same time on a mobile phone saw a Perpetual Sale of "40% OFF EVERYTHING* - TODAY ONLY" as well as "A VALENTINE'S TREAT 45% OFF EVERYTHING* TODAY ONLY."  Interestingly, for the consumer using her mobile phone, the same Sale Code "GRT998" applied for both the Perpetual Sale and the Valentine's Day Sale, even though the two sales were for a discount of 40% and 45%, respectively.

50.     The fact that consumers can potentially see different sales depending on the platform they are using to browse Art.com's E-commerce websites, and/or other factors, is immaterial to the deceptive nature of the sales because the sales perpetually exist on some platform – whether it be a computer, phone, or tablet.  Rather, the sophistication of Art.com's scheme demonstrates the willful nature of its unlawful conduct.

51.     Art.com is well aware of its deceptive pricing scheme and essentially acknowledges that it "misprices" items – presumably, in an effort to shield itself from disgruntled customers.  For instance, on the "Terms of Sale" page on the www.allposters.com website, Art.com states, in relevant part, "Notwithstanding the product prices shown on the website, we cannot confirm the price of an item until you order.  Despite our best efforts, a small number of the items shown on the website may be mispriced as a result of price changes that are implemented at or about the time of your visit to the website."  *See* Figure 14 ("Terms of Sale" section on www.allposters.com on January 29, 2016).

**Plaintiff's Purchase through Art.com's E-commerce Website**

52.     On October 11, 2015, Plaintiff was browsing the www.art.com website in search of piece of framed artwork.  Plaintiff saw an item that he liked in the style of art that he was looking for, but he was not immediately prepared to purchase the item.  Plaintiff noticed the 40% off sale prominently displayed at the top of the www.art.com website, and further saw that the sale ended at midnight that day.

Enticed by the idea of saving 40% off his purchase, Plaintiff went ahead and purchased the product online, using his credit card, for price of $133.06. *See* Figure 15 (Email from Art.com confirming Plaintiff's purchase).

53.     On October 12, 2015, slightly after midnight, the sale at www.art.com automatically renewed, although this time the sale became 45% of everything. Plaintiff was induced to purchase the product at "40% off" because he believed that the sale was ending that day. Had Plaintiff waited until just after midnight – when the sale that induced him to make the purchase ended – he could have gotten "45% off" the product he purchased. Plaintiff would not have purchased the product if it were not for the "40% off sale" advertised on the www.art.com website.

54.     Consumers were likely to be deceived by Art.com's misrepresentations that its merchandise was on sale when making their online purchases in that they would not have rushed to purchase it, would not have purchased it all, or would have paid substantially less for it, had the misrepresentations not been made. In reality, Art.com never intended, nor did it ever actually sell, any of its merchandise at the advertised regular price. Thus, consumers were likely to be deceived by the false price comparison into making a full retail purchase that was not really on sale.

55.     As a result of Art.com's misrepresentations, Plaintiff and the Class have been injured and damaged, all to the financial benefit of Art.com.

## CLASS ACTION ALLEGATIONS

56.     Plaintiff brings this action pursuant to Rule 23 of the Federal Rules of Civil Procedure, individually and on behalf of all members of the following Class:

> All natural persons located within the United States who purchased any product online from Art.com through the E-commerce websites, www.art.com, www.posters.com, and/or www.allposters.com, at any time beginning four (4) years prior to the filing of this action, and ending at the time this action settles or proceeds to final judgment.

57.     Excluded from the Class are the following individuals and/or entities: Art.com and its parents, subsidiaries, affiliates, officers and directors, current or

former employees, and any entity in which Art.com has a controlling interest; all individuals who make a timely election to be excluded from this proceeding using the correct protocol for opting out; and all judges assigned to hear any aspect of this litigation, as well as their immediate family members.

58.    Plaintiff reserves the right to modify or amend the definition of the proposed Class and/or add subclasses before the Court determines whether certification is appropriate.

59.    The Class is so numerous that joinder of all members would be impractical.  On information and belief, the number of individuals who purchased products online through the www.art.com, www.posters.com, and www.allposters.com E-commerce websites within the relevant time period is in the hundreds of thousands, if not millions.  Since the majority, if not all, consumer purchases are made online through the use of a credit card, these individuals are identifiable and ascertainable through Art.com's records.

60.    There are questions of law and fact common to the Class that will drive the resolution of this action.  These questions include, but are not limited to, the following:

        a.   Whether Art.com misrepresented the regular price of its products;

        b.   Whether Art.com's products are perpetually on sale;

        c.   Whether the sale price of Art.com's products is actually the regular price at which Art.com offers its products;

        d.   Whether Art.com misrepresented that its products were on sale for a limited duration, thus creating the false impression that the price of the product would increase back to the regular price if a consumer did not make a purchase by the end of the purported sale;

        e.   Whether Art.com misrepresented material facts and/or failed to disclose material facts in connection with the marketing and sale of its products;

f.  Whether Art.com's use of false or deceptive price advertising constituted false advertising under California Law;

g.  Whether Art.com engaged in unfair, unlawful and/or fraudulent business practices under California law;

h.  Whether Art.com made false or misleading statements of fact concerning the existence of sales;

i.  Whether Art.com's unlawful conduct, as alleged herein, was intentional and knowing;

j.  Whether Plaintiff and the Class are entitled to damages and/or restitution, and in what amount;

k.  Whether Art.com is likely to continue using false, misleading or unlawful sales such that an injunction is necessary; and

l.  Whether Plaintiff and the Class are entitled to an award of reasonable attorneys' fees, interest, and costs of suit.

61.    Art.com engaged in a common course of conduct giving rise to violations of the legal rights sought to be enforced uniformly by Plaintiff and the Class members. Similar or identical statutory and common law violations, business practices, and injuries are involved. Therefore, individual questions, if any, pale in comparison to the numerous common questions presented in this action.

62.    The injuries sustained by members of the Class flow, in each instance, from a common nucleus of operative fact. Each instance of harm suffered by Plaintiff and the Class has directly resulted from a single course of illegal conduct – namely, the creation, design, maintenance, and operation of websites that were programmed to automatically, and generally without any lag time, create short-lived sales, in conjunction with other advertising methods, in order to induce consumers to make purchases on their websites. A substantial portion, if not all, of the alleged unlawful conduct occurred in and stemmed from business activities in the State of California.

63.     Given the similar nature of the Class members' claims and the absence of material differences in the statutes and common laws upon which the Class members' claims are based, a nationwide class will be easily managed by the Court and the parties.

64.     Because of the relatively small size of the individual Class members' claims, no Class member could afford to seek legal redress on an individual basis. A class action is superior to any alternative means of prosecution.

65.     The representative Plaintiff's claims are typical of those of the Class, as all members of the Class are similarly affected by Art.com's uniform unlawful conduct as alleged herein.

66.     Art.com acted, and failed to act, on grounds generally applicable to Plaintiff and the Class, supporting the imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class.

67.     Plaintiff will fairly and adequately protect the interests of the Class, and has retained counsel competent and experienced in class action litigation.  The Class representative has no interest which conflicts with or is adverse to those of the other Class members.

## COUNT I

### Violation of the California False Advertising Law
### (On behalf of Plaintiff and the Class against Art.com)

68.     Plaintiff incorporates herein by specific reference, as though fully set forth, the allegations in paragraphs 1 through 67.

69.     California's False Advertising Law ("FAL"), California Business and Professions Code § 17500, *et seq.*, prohibits unfair, deceptive, untrue, or misleading advertising, including, but not limited to, false statements as to worth, value and former price.

70.     Art.com's practice of advertising sales of limited duration, but that are immediately followed by another sale, are false and they are designed to mislead

consumers into believing they are getting a significant discount, when in actuality, they are paying the regular or even greater price for the item they are purchasing.

71.     The FAL specifically prohibits this type of false advertising.  Cal. Bus. & Prof. Code § 17501 provides in relevant part, "No price shall be advertised as a former price of any advertised thing, unless the alleged former price was the prevailing market price . . . within three months next immediately preceding the publication of the advertisement or unless the date when the alleged former price did prevail is clearly, exactly and conspicuously stated in the advertisement."

72.     Art.com's false advertisements, as alleged herein, were calculated to induce Plaintiff and Class members to purchase merchandise they otherwise would not have and/or to spend more money than they otherwise would have spent, in order to increase Art.com's profits.

73.     Through its unfair acts and practices, Art.com has improperly obtained money from Plaintiff and the Class.  As such, Plaintiff requests that this Court cause Art.com to restore this money to Plaintiff and all Class members, and to enjoin Art.com from continuing to violate the FAL in the future.

## COUNT II

### Violation of the California Unfair Competition Law
### (On behalf of Plaintiff and the Class against Art.com)

74.     Plaintiff incorporates herein by specific reference, as though fully set forth, the allegations in paragraphs 1 through 73.

75.     Plaintiff and Class members are "persons" within the meaning of Cal. Bus. & Prof. Code § 17204.

76.     The California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200, *et seq.*, defines unfair business competition to include any "unlawful, unfair or fraudulent" act or practice, as well as any "unfair, deceptive, untrue or misleading" advertising.

//

77.     A business act or practice is "unfair" under the UCL if the reasons, justifications and motives of the alleged wrongdoer are outweighed by the gravity of the harm to the alleged victims.  A business act or practice is "fraudulent" under the UCL if it is likely to deceive members of the consuming public.  A business act or practice is "unlawful" under the UCL if it violates any other law or regulation.

78.     Art.com has violated the "unfair" prong of the UCL by misrepresenting a false sale price to induce consumers into believing they are getting a discount, when they are not.  Consequently, the regular price of the merchandise is inflated, and the corresponding sale price was nothing more than a false, misleading and deceptive illusion of a discount.

79.     The business acts and practices alleged herein are unfair because they caused Plaintiff and Class members to falsely believe that Art.com is offering value, discounts or bargains from the prevailing market worth of the products sold that did not exist.  As a result, consumers, including Plaintiff, were likely to believe that they were receiving products at a substantially discounted price.  This deception was likely to have induced reasonable consumers, including Plaintiff, to buy Art.com merchandise, which they otherwise would not have purchased.

80.     The gravity of the harm to Plaintiff and Class members resulting from these unfair acts and practices outweighs any conceivable reasons, justifications and/or motives of Art.com for engaging in such deceptive acts and practices.  By committing the acts and practices alleged herein, Art.com has engaged in, and continues to engage in, unfair business practices within the meaning of California Business & Professions Code § 17200, *et seq*.

81.     Art.com has also violated the "unlawful" prong of the UCL.  California statutory and regulatory law expressly prohibit false pricing schemes.  As referenced above, Cal. Bus. & Prof. Code § 17501 provides in relevant part, "No price shall be advertised as a former price of any advertised thing, unless the alleged former price was the prevailing market price . . . within three months next immediately preceding

the publication of the advertisement or unless the date when the alleged former price did prevail is clearly, exactly and conspicuously stated in the advertisement."

82.     Art.com violated and continues to violate Cal. Bus. & Prof. Code § 17501 by advertising false discounts from purported former prices that were, in fact, not the prevailing market prices within three months next immediately preceding the publication and dissemination of advertisements containing the false former prices.

83.     Moreover, sections 15 U.S.C. § 45(a)(1) and 15 U.S.C. § 52(a) of the Federal Trade Commission Act ("FTCA") also prohibit "unfair or deceptive acts or practices in or affecting commerce," and like the FAL, specifically prohibit false advertisements.  The FTC has established guidelines that prohibit false pricing schemes similar to those implemented by Art.com:

> One of the most commonly used forms of bargain advertising is to offer a reduction from the advertiser's own former price for an article. If the former price is the actual, bona fide price at which the article was offered to the public on a regular basis for a reasonably substantial period of time, it provides a legitimate basis for the advertising of a price comparison. Where the former price is genuine, the bargain being advertised is a true one. If, on the other hand, the former price being advertised is not bona fide but fictitious -- for example, where an artificial, inflated price was established for the purpose of enabling the subsequent offer of a large reduction -- the "bargain" being advertised is a false one; the purchaser is not receiving the unusual value he expects. In such a case, the "reduced" price is, in reality, probably just the seller's regular price.

16 C.F.R. § 233.1(a).

84.     Art.com's use of and reference to a materially false sale prices in connection with its online marketing and advertisements violated and continues to violate 15 U.S.C. § 45(a)(1) and 15 U.S.C. § 52(a), as well as FTC Guidelines, published at 16 C.F.R. § 233.

85.     Through its unlawful acts and practices, Art.com has improperly obtained money from Plaintiff and the Class.  As such, Plaintiff requests that this

-26-

Court cause Art.com to restore this money to Plaintiff and the Class, and to enjoin Art.com from continuing to violate the UCL as alleged herein.

86.     Plaintiff also requests that the Court award reasonable attorneys' fees and costs pursuant to Cal. Code of Civ. Proc. § 1021.5.

## COUNT III

### Unjust Enrichment and Common Law Restitution
### (On behalf of Plaintiff and the Class against Art.com)

87.     Plaintiff incorporates herein by specific reference, as though fully set forth, the allegations in paragraphs 1 through 86.

88.     As a result of Art.com's wrongful and deceptive conduct, Plaintiff and Class members have suffered a detriment while Art.com has received a benefit.

89.     Art.com's misleading, inaccurate and deceptive marketing intentionally cultivates the perception that consumers are being offered a discount from the company's regular prices when they are not.  Plaintiff and Class members were intended to rely upon Art.com's misrepresentations when they purchased Art.com's merchandise.  Plaintiff and Class members likely would not have purchased Art.com's merchandise, or would have paid significantly less for the merchandise, if Art.com had not misrepresented that the merchandise was on sale.

90.     Art.com has received a premium price benefit and/or additional sales from Plaintiff and Class members as a result of this unlawful conduct.

91.     Art.com should not be allowed to retain the premium price profits and/or additional sales generated from the sale of products that were unlawfully marketed, advertised and promoted.  Allowing Art.com to retain these unjust profits would offend traditional notions of justice and fair play and induce companies to misrepresent key characteristics of their products in order to increase sales.

92.     Thus, Art.com is in possession of funds that were wrongfully retained from Plaintiff and Class members that should be disgorged as illegally gotten gains. //

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, respectfully prays for following relief:

1.      Certification of this case as a class action on behalf of the Class defined above, appointment of Plaintiff as Class representative, and appointment of his counsel as Class counsel;

2.      A declaration that Art.com's actions, as described herein, violate the claims described herein;

3.      An award of injunctive and other equitable relief as is necessary to protect the interests of Plaintiff and the Class, including, *inter alia*, an order prohibiting Art.com from engaging in the unlawful act described above;

4.      An award to Plaintiff and the Class of restitution and/or other equitable relief, including, without limitation, restitutionary disgorgement of all profits and unjust enrichment that Art.com obtained from Plaintiff and the Class as a result of its unlawful, unfair and fraudulent business practices described herein;

5.      An award of all economic, monetary, actual, consequential, and compensatory damages caused by Art.com's conduct;

6.      An award to Plaintiff and his counsel of their reasonable expenses and attorneys' fees;

7.      An award to Plaintiff and the Class of pre and post-judgment interest, to the extent allowable; and

8.      For such further relief that the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, on behalf of himself and the Class, hereby demands a jury trial with respect to all issues triable of right by jury.

DATED:  February 16, 2016          THE WAND LAW FIRM


                                   By: /s/ Aubry Wand
                                        AUBRY WAND



DATED:  February 16, 2016          SCHNEIDER WALLACE COTTRELL
                                   KONECKY WOTKYNS LLP


                                   By: /s/ Todd M. Schneider
                                        TODD M. SCHNEIDER
                                        JASON H. KIM
                                        KYLE G. BATES

                                        *Attorneys for Plaintiff*

**Figure 1: Sale advertised on www.posters.com on January 29, 2016 (relevant provisions circled in red).**



CLASS ACTION COMPLAINT

**Figure 2: on January 29, 2016, the consumer is automatically redirected to www.allposters.com after clicking "ADD TO CART" on www.posters.com. The item is also automatically added to the consumer's shopping cart on www.allposters.com (relevant provisions circled in red).**



**Figure 3: On January 29, 2016, after clicking on the "Checkout" button, the consumer is given the option of entering the Sale Code (relevant provisions circled in red).**



CLASS ACTION COMPLAINT

**Figure 4: Example of Perpetual Sale advertised on www.art.com on October 13, 2015 (relevant provision circled in red; example of regular advertising, and not a Concurrent Sale, circled in blue).**



**Figure 5: Example of Perpetual Sale advertised on www.allposters.com on October 13, 2015 (relevant provisions circled in red).**



CLASS ACTION COMPLAINT

**Figure 6: Example of Concurrent Sale advertised on www.art.com on October 25, 2015 that differs from the Perpetual Sale (Perpetual Sale circled in red; Concurrent Sale circled in blue).**



**Figure 7: Example of Concurrent Sale advertised on www.allposters.com on October 25, 2015 that differs from the Perpetual Sale (Perpetual Sale circled in red; Concurrent Sale circled in blue).**



**Figure 8: Example of Concurrent Sale advertised on www.art.com on November 17, 2015 that is the same as the Perpetual Sale (Perpetual Sale circled in red; Concurrent Sale circled in blue).**



**Figure 9: Example of Concurrent Sale advertised on www.allposters.com on November 17, 2015 that is the same as the Perpetual Sale (Perpetual Sale circled in red; Concurrent Sale circled in blue).**



**Figure 10: Example of a pop-up window on www.allposters.com when a consumer clicks on the "See Offer Details" link right below the advertised Perpetual Sale (relevant provisions circled in red).**



CLASS ACTION COMPLAINT

**Figure 11: The bottom of the homepage of www.posters.com on January 29, 2016 (relevant provisions circled in red).**



**Figure 12: Search result on Google on January 29, 2016 for "posters" yields an ad for www.allposters.com with the Perpetual Sale clearly visible to the consumer (relevant provisions circled in red).**



**Figure 13: Email sent by allpostersemail@em.allposters.com on December 28, 2015 at approximately 3:04 PM reminding consumers of the Perpetual Sale.**



CLASS ACTION COMPLAINT

**Figure 14: "Terms of Sale" section on www.allposters.com on January 29, 2016 (relevant provisions circled in red).**



CLASS ACTION COMPLAINT

**Figure 15: October 11, 2015 email from Art.com confirming Plaintiff's purchase.**

