1
2
3
4 UNITED STATES DISTRICT COURT
5 NORTHERN DISTRICT OF CALIFORNIA
6
7 JAMES PRESCOTT KNAPP,                    Case No. 16-cv-00768-WHO
          Plaintiff,
8                                         **ORDER DENYING MOTION TO**
       v.                                **DISMISS AND STRIKE**
9
   ART.COM, INC.,                         Re: Dkt. No. 19
10
          Defendant.
11

12                              **INTRODUCTION**

13        Plaintiff James Knapp brings this putative class action against defendant Art.com, Inc.

14 ("Art.com"), accusing it of violating California's consumer protection laws by conducting

15 "perpetual sales" that deceive consumers into believing that they are receiving significant bargains

16 on Art.com's merchandise, when in fact they are not.  Art.com moves to dismiss or strike certain

17 portions of Knapp's first amended complaint ("FAC").  Knapp has not plausibly alleged that

18 Art.com's advertising falls within the scope of 15 U.S.C. § 52(a), and his claim based on that

19 statute is DISMISSED WITH LEAVE TO AMEND.  In all other respects, Art.com's motion is

20 DENIED.

21                              **BACKGROUND**

22 **I.      FACTUAL BACKGROUND**

23        Art.com is a California corporation headquartered in Emeryville, California.  FAC ¶ 6

24 (Dkt. No. 6).  It owns and operates several online commerce websites selling posters and other

25 home décor products, including www.art.com, www.posters.com, and www.allposters.com.  *Id.* ¶¶

26 1-2.

27        On October 11, 2015, Knapp was browsing www.art.com in search of a piece of framed

28 artwork.  *Id.* ¶ 61.  He saw an item he liked but was "not immediately prepared to purchase [it],"

United States District Court
Northern District of California

until he saw that there was a 40% off sale ending at midnight that day.  *Id.*  "Enticed by the idea of saving 40% off his purchase," Knapp decided to purchase the item.  *Id.*  In placing his order, he entered an optional coupon code, which triggered the 40 percent discount off the non-sale price of $172.99.  *Id.* at fig. 16.

The next day, shortly after midnight, the sale at www.art.com "automatically renewed," although this time at a discount of 45 percent instead of 40 percent.  *Id.* ¶ 62.  Knapp states that he "was induced to purchase the product at '40% off' because he believed that the sale was ending that day," and that he "would not have purchased the product if it were not for the '40% off sale' advertised on the www.art.com website."  *Id.*  He also states that "[h]ad [he] waited until just after midnight – when the sale that induced him to make the purchase ended – he could have gotten '45% off' the product he purchased."  *Id.*

Knapp accuses Art.com of conducting "perpetual sales" on www.art.com, as well as www.posters.com and www.allposters.com (collectively, the "accused websites").  *Id.* ¶ 31.  He alleges that the sales (1) are "automatically generate[d]" such that they run back-to-back with "zero lag time between the end of one sales and the beginning of another," (2) consistently offer discounts ranging from 30 to 50 percent; and (3) are "prominently advertise[d]" on each of the accused websites with language such as "40% OFF EVERYTHING* ENDS TODAY" or "45% OFF ALL ORDERS* – TODAY ONLY."  *Id.* ¶¶ 38, 48-49.  He also notes that in connection with each sale, the accused websites provide a six-character coupon code which consumers "enter at the time of checkout in order to take advantage of the purported sale."  *Id.* ¶ 34.  Knapp contends that Art.com's sales are "designed to falsely induce consumers to purchase their products under the mistaken belief that they are getting a significant bargain," and that the sales "deceive consumers into believing they are being offered a discount from Art.com's regular prices when, in fact, they are not."  *Id.* ¶¶ 31, 38.[1]

## II.     PROCEDURAL BACKGROUND

Knapp filed his original complaint on February 16, 2016 and his FAC on March 23, 2016.

---

[1] Each party's unopposed request for judicial notice is GRANTED.  *See* Dkt. Nos. 19-8, 22.

United States District Court
Northern District of California

Dkt. Nos. 1, 6.  He asserts four causes of action against Art.com: (1) violation of California's False Advertising Law ("FAL"), Cal. Bus. & Prof. Code § 17500 *et seq.*; (2) violation of the unfair and unlawful prongs of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 *et seq.*; (3) violation of California's Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750 *et seq.*; and (4) unjust enrichment and common law restitution.  FAC ¶¶ 77-112. He seeks to represent a class defined as

> All natural persons located within the United States who purchased any product online from Art.com through the e-commerce websites, www.art.com, www.posters.com, and/or www.allposters.com, at any time beginning four (4) years prior to the filing of this action on February 16, 2016, and ending at the time this action settles or proceeds to final judgment.

*Id.* ¶ 65.

Art.com filed its motion to dismiss and strike on May 2, 2016.  Dkt. No. 19 ("Mot."). Art.com does not seek to dismiss or strike Knapp's FAC in its entirety.  Art.com's arguments are limited to (1) the first cause of action for violation of the FAL, and (2) certain aspects of the second cause of action for violation of the UCL.  *See, e.g.,* Mot. at 1-4.  I heard argument from the parties on June 8, 2016.  Dkt. No. 29.

## LEGAL STANDARD

### I.   RULE 12(b)(6): MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), in order to "give the defendant fair notice of what the claim is and the grounds upon which it rests," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and alterations omitted).

A motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint.  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory."  *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).  While a complaint "need not contain

United States District Court
Northern District of California

3

detailed factual allegations" to survive a Rule 12(b)(6) motion, "it must plead enough facts to state a claim to relief that is plausible on its face." *Cousins v. Lockyer*, 568 F.3d 1063, 1067-68 (9th Cir. 2009) (internal quotation marks and citations omitted).  A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

In considering whether a claim satisfies this standard, the court must "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marines Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).  However, "conclusory allegations of law and unwarranted inferences are insufficient to avoid a Rule 12(b)(6) dismissal." *Cousins*, 568 F.3d at 1067 (internal quotation marks omitted). A court may "reject, as implausible, allegations that are too speculative to warrant further factual development." *Dahlia v. Rodriguez*, 735 F.3d 1060, 1076 (9th Cir. 2013).

## II.    RULE 9(b): HEIGHTENED PLEADING STANDARD FOR FRAUD OR MISTAKE

Federal Rule of Civil Procedure 9(b) requires that claims sounding in fraud or mistake "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b).[2] To satisfy this standard, a plaintiff must identify "the time, place, and content of [the] alleged misrepresentation[s]," as well as the "circumstances indicating falseness" or "manner in which the representations at issue were false and misleading." *In re GlenFed Inc. Sec. Litig.*, 42 F.3d 1541, 1547-48 (9th Cir. 1994) (internal quotation marks and alterations omitted).  "In other words, the plaintiff must set forth an explanation as to why the statement or omission complained of was false or misleading." *Siegel v. Lyons*, No. 95-cv-03588-DLJ, 1996 WL 438793, at *3 (N.D.Cal. Apr. 26, 1996) (internal quotation marks omitted).  The allegations of fraud "must be specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007).

---

[2] Knapp's claims sound in fraud and are thus subject to Rule 9(b).  *See Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009); *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103-04 (9th Cir. 2003).

United States District Court
Northern District of California

United States District Court
Northern District of California

### III.     RULE 12(f): MOTION TO STRIKE

Federal Rule of Civil Procedure 12(f) authorizes a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The function of a motion to strike "is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). Such motions are generally disfavored and "should not be granted unless the matter to be stricken clearly could have no possible bearing on the subject of the litigation." *Platte Anchor Bolt, Inc. v. IHI, Inc.*, 352 F. Supp. 2d 1048, 1057 (N.D. Cal. 2004).

### DISCUSSION

### I.     FIRST CAUSE OF ACTION: VIOLATION OF THE FAL

The FAL prohibits businesses from disseminating advertising "which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading." Cal. Bus. & Prof. Code § 17500. The basic standard for finding a section 17500 violation is the "reasonable consumer" test, which requires a showing that members of the public are likely to be deceived by the advertising at issue. *Williams v. Gerber Products Co.*, 552 F.3d 934, 938 (9th Cir. 2008). "A reasonable consumer is [an] ordinary consumer acting reasonably under the circumstances [who] is not versed in the art of inspecting and judging a product." *Colgan v. Leatherman Tool Grp., Inc.*, 135 Cal. App. 4th 663, 682 (2006) (internal quotation marks and citations omitted); *accord Elias v. Hewlett-Packard Co.*, 903 F. Supp. 2d 843, 854 (N.D. Cal. 2012).

An advertised discount off a seller's regular price can be deceptive where (1) the alleged sale price does not in fact differ from the regular price at which the product is ordinarily sold; or (2) "the alleged original price constituted a false valuation of the product." 1A Callmann on Unfair Comp., Tr. & Mono. § 5:59 (4th ed. 2015); *see also Hinojos v. Kohl's Corp.*, 718 F.3d 1098, 1102 (9th Cir. 2013) (noting that the plaintiff alleged both (1) "that he purchased several items that were advertised as being substantially reduced from their 'original' or 'regular' prices but that were, in reality, routinely sold by [the defendant] at the advertised 'sale' prices," and

(2) "that the advertised 'original' or 'regular' prices did not reflect prevailing retail market prices"); 16 C.F.R. § 233.1(a) (an advertised "reduction from the advertiser's own former price for an article" is legitimate where "the former price is the *actual, bona fide price* at which the article was offered to the public on a regular basis for a reasonably substantial period of time") (emphasis added).  In line with the second of these two scenarios, California Business & Professions Code section 17501 provides that "[n]o price shall be advertised as a former price of any advertised thing, unless the alleged former price was the prevailing market price . . . within three months next immediately preceding the publication of the advertisement or unless the date when the alleged former price did prevail is clearly, exactly and conspicuously stated in the advertisement."  Cal. Bus. & Prof. Code § 17501.

Knapp's FAL cause of action cites to both section 17500 and 17501 and alleges that Art.com's "perpetual sales" are deceptive in that they "mislead consumers into believing they are getting a significant discount, when in actuality, they are paying the regular or even greater price for the item they are purchasing."  FAC ¶¶ 78-80.

Art.com moves to dismiss the FAL cause of action on the grounds that (1) it is based exclusively on section 17501, not section 17500, and Knapp has not adequately alleged either that Art.com's advertised sales involve "former price" advertising within the meaning of section 17501, or that any advertised former price was not the "prevailing market price" at the relevant time, Mot. at 12-16; and (2) Knapp lacks statutory standing under section 17501, both because he does not specifically allege that he believed that the "40% off" language he viewed was a former price comparison, and because his only claimed harm is that "he did not know that Art.com would offer a better sale the next day," Mot. at 19-21.

These arguments do not support dismissing the FAL cause of action (or striking from it all references to section 17501, as Art.com requests in the alternative, *see* Reply at 9).  First, the cause of action is not based exclusively on section 17501.  Knapp cites to both section 17501 and section 17500 within the FAL cause of action, *see* FAC ¶¶ 78, 80, and the bulk of his allegations are directed at the theory that Art.com's "perpetual sales" have caused its purported sale prices to be no different from the prices at which it regularly sells its products.  As I understand the interaction

United States District Court
Northern District of California

1    between section 17501 and section 17500, this is a section 17500 theory, not a section 17501

2    theory.  That is, Knapp's principal theory of liability appears to be that Art.com does not

3    ordinarily sell its products at the advertised regular prices (in violation of section 17500), not that

4    the advertised regular prices are out of step with prevailing market prices (in violation of section

5    17501).

6         Further, even if the FAL cause of action were limited to section 17501, the allegations in

7    the FAC are sufficient to state a claim under that statute.  Art.com argues that section 17501 does

8    not apply because Knapp does not "identify any advertising by Art.com that uses any language

9    denoting a former price," such as words like "formerly" or "regularly."  Mot. at 13-14.  But

10   Art.com cites no authority indicating that such language is required.  Each of the cases it cites

11   rejected former price comparison claims based on "Compare At" or "Compared To" advertising.

12   *See Jacobo v. Ross Stores, Inc.*, No. 15-cv-04701, at *2, *9 (C.D. Cal. Feb. 23, 2016) (dismissing

13   claim that the defendant violated section 17501 by advertising a sale price and a "Compare At"

14   price representing the amount charged for similar products by other merchants in the area); *Branca*

15   *v. Nordstrom, Inc.*, No. 14-cv-02062, 2015 WL 1841231, at *7-8 (S.D. Cal. Mar. 20, 2015)

16   (dismissing claim that "the 'Compare At' price listed on the Nordstrom Rack price tags . . . is

17   likely to deceive reasonable consumers into believing the listed 'Compare At' price is the former

18   price at which Nordstrom or other retailers previously sold the same merchandise"); *Rubenstein v.*

19   *Neiman Marcus Grp. LLC*, No. 14-cv-07155, 2015 WL 1841254, at *3, *5-6 (C.D. Cal. Mar. 2,

20   2015) (rejecting claim that the "Compared To" advertising used at the defendant's outlet store

21   could be "interpreted by reasonable consumers to be a price comparison with the price of the exact

22   same product when it was previously for sale at [the] defendant's regular retail store").  The

23   language at issue here – e.g., "40% off" or "45% OFF ALL ORDERS* – TODAY ONLY" – is

24   substantially different, and substantially more indicative of a former price comparison than

25   "Compare At" or "Compare To."  A reasonable consumer does not need language such as,

26   "Formerly $9.99, Now 40% Off $9.99," or, "40% Off the Former Price of $9.99," to reasonably

27

28

United States District Court
Northern District of California

1   understand "40% off" to mean 40% off the former price of the product.[3]

2       Art.com contends that the section 17501 claim fails because Knapp does not specifically

3   allege that he interpreted the "40% off" language he viewed as a former price comparison.  Mot. at

4   14.  But Knapp alleges that he "noticed the 40% off sale," "saw that the sale ended at midnight,"

5   and was "[e]nticed by the idea of saving 40% off his purchase."  FAC ¶ 61.  Elsewhere in the

6   FAC, he alleges that Art.com's purported sales "deceive consumers into believing they are being

7   offered a discount from Art.com's regular prices when, in fact, they are not."  Id. ¶ 31.  Viewed in

8   the light most favorable to the nonmoving party, these allegations are sufficient to plausibly

9   establish that Knapp interpreted the "40% off" language as advertising a discount from Art.com's

10  former prices.  Indeed, it is not clear how else Knapp could have reasonably understood the "40%

11  language" other than as advertising a discount from Art.com's former prices.

12      Art.com asserts that section 17501 does not apply because Art.com's sales require

13  consumers to enter a coupon code to obtain the advertised sale price, meaning that its sales merely

14  compare "two current prices" – i.e., the coupon price and the non-coupon price – not a former

15  non-sale price and a current sale price.  Mot. at 13; see also id. at 14 ("Because the alleged regular

16  price is offered simultaneously with the discounted sale price and the customer can pay the regular

17  price to purchase the item, the alleged regular price is not a former price.").  I am not convinced.

18  Knapp has plausibly alleged that the "40% off" language he viewed objectively qualifies as former

19  price advertising within the meaning of section 17501, and that he subjectively interpreted the

20  language as advertising a discount from Art.com's former prices.  Against this backdrop, it is not

21  clear why it matters that he was required to enter a coupon code to obtain the advertised 40 percent

22  _____

23  [3] The "Former Price Comparison" regulation issued by the Federal Trade Commission, which both
    Branca and Rubenstein cite in their analysis, adds further support to the conclusion that language

24  such as "formerly" or "regularly" is not required.  The regulation explains that "[i]f the former
    price is set forth in the advertisement, whether accompanied or not by descriptive terminology

25  such as 'Regularly,' 'Usually,' 'Formerly,' etc., the advertiser should make certain that the former
    price is not a fictitious one."  16 C.F.R. § 233.1(e) (emphasis added).  In addition, a regulation

26  interpreting section 17501 issued by the California Bureau of Electronic and Appliance Repair,
    Home Furnishings and Thermal Insulation lists "___% off" – the same language used by Art.com

27  – as an example of former price advertising under section 17501.  See Cal. Code Regs. tit. 4 §
    1301 ("The term 'former price' as used in [section 17501] includes but is not limited to the

28  following words and phrases when used in connection with advertised prices: "formerly -,"
    "regularly -," "usually -," "originally -," "reduced from ___," "was ___ now ___," " ___% off.").

United States District Court
Northern District of California

1   discount.  As described in the FAC, the requirement that a consumer enter a coupon code to obtain

2   the advertised discount is merely a routine, procedural step in the purchase transaction and is not

3   material to whether Art.com's advertising constitutes former price advertising under section

4   17501.[4]

5          Art.com's argument that Knapp has not adequately alleged that any advertised former price

6   was higher than the prevailing market price is also unpersuasive.  Art.com faults Knapp for not

7   "identify[ing] any prices charged by other retailers."  Reply at 9.  Given that Knapp has plausibly

8   alleged that Art.com consistently sells its products at prices significantly (i.e., 30 to 50 percent)

9   lower than its advertised former prices, Knapp does not need to identify prices charged by other

10  retailers to plausibly establish that Art.com's advertised former prices are higher than prevailing

11  market prices.  The alternative inference is that Art.com consistently sells its products at prices 30

12  to 50 percent lower than prevailing market prices.  Art.com does not identify any reasonable basis

13  for this inference.

14         This leaves Art.com's attacks on Knapp's statutory standing under section 17501.  As

15  discussed above, Knapp has plausibly alleged that he understood the "40% off" language as

16  advertising a discount from Art.com's former prices.  And while Knapp states that he could have

17  received an even larger discount had he waited one more day to make his purchase, he also states

18  that he "would not have purchased the product if it were not for the '40% off sale' advertised on

19  the www.art.com website."  FAC ¶ 62.  This latter allegation is sufficient to establish statutory

20  standing under section 17501, even assuming that the former is not.  *See Hinojos v. Kohl's Corp.*,

21  718 F.3d 1098, 1107 (9th Cir. 2013) ("[W]hen a consumer purchases merchandise on the basis of

22

23  _____

24  [4] Moreover, I am skeptical that section 17501 cannot be applied to a comparison between a current coupon price and a current non-coupon price, merely because both prices are currently available to

25  consumers.  Art.com cites no on-point authority to support its position that a former price under section 17501 must be one that is not currently offered, and thus cannot be a currently offered

26  "regular" or "non-sale" price.  The cases cited by Art.com hold that "comparable value comparisons" – i.e., advertising comparing the advertiser's price to that of "merchandise of like

27  grade and quality . . . sold by the advertiser or others in the area" – are distinct from former price comparisons.  *See Branca*, 2015 WL 1841231, at *7-8; *Rubenstein*, 2015 WL 1841254, at *5-6.

28  They do not address whether a comparison between an advertiser's current coupon price on an item and its current non-coupon price on the same item qualifies as former price advertising under section 17501.

false price information, and when the consumer alleges that he would not have made the purchase

but for the misrepresentation, he has standing to sue under the UCL and FAL because he has

suffered an economic injury.").

Knapp's claims under section 17500 and section 17501 may proceed. Art.com's motion to

dismiss or strike the FAL cause of action is DENIED.

## II.    SECOND CAUSE OF ACTION: VIOLATION OF THE UCL

Knapp brings claims under the unlawful and unfair prongs of the UCL.[5] FAC ¶¶ 83-96.

His claims under the unlawful prong are based on Art.com's alleged violations of section 17501,

16 C.F.R. § 233.1(a),[6] 15 U.S.C. § 52(a),[7] and California Civil Code sections 1770(a)(9) and

(a)(13).[8] *Id.* ¶¶ 90-94. In support of his claim under the unfair prong, he accuses Art.com of

"misrepresenting a false sale price to induce consumers into believing they are getting a discount,

when they are not," thereby "induc[ing] reasonable consumers . . . to buy Art.com merchandise,

---

[5] In his opposition brief, Knapp contends that he has also brought claims under the UCL's fraudulent prong. Oppo. at 20. That is not how I read the FAC. If Knapp wants to bring claims under the fraudulent prong, he should include allegations to that effect in a second amended complaint.

[6] Section 233.1(a) explains that

> One of the most commonly used forms of bargain advertising is to offer a reduction from the advertiser's own former price for an article. If the former price is the actual, bona fide price at which the article was offered to the public on a regular basis for a reasonably substantial period of time, it provides a legitimate basis for the advertising of a price comparison. Where the former price is genuine, the bargain being advertised is a true one. If, on the other hand, the former price being advertised is not bona fide but fictitious – for example, where an artificial, inflated price was established for the purpose of enabling the subsequent offer of a large reduction – the "bargain" being advertised is a false one; the purchaser is not receiving the unusual value he expects. In such a case, the "reduced" price is, in reality, probably just the seller's regular price.

16 C.F.R. § 233.1(a).

[7] Section 52(a) prohibits the dissemination of false advertisements relating to the purchase of "food, drugs, devices, services, or cosmetics." 15 U.S.C. § 52(a).

[8] Sections 1770(a)(9) and 1770(a)(13) prohibit "[a]dvertising goods or services with intent not to sell them as advertised," Cal. Civ. Code § 1770(a)(9), and "[m]aking false or misleading statements of fact concerning reasons for, existence of, or amounts of price reductions," Cal. Civ. Code § 1770(a)(13).

United States District Court
Northern District of California

United States District Court
Northern District of California

1    which they otherwise would not have purchased." *Id.* ¶¶ 87-88.

2         Art.com moves to strike (1) Knapp's unlawful prong claims to the extent that they are

3    based on section 17501, section 233.1(a), or section 52(a); and (2) the entirety of Knapp's claim

4    under the unfair prong. Mot. at 21-23; Reply at 13-15. Art.com does not explain why it is

5    appropriate to strike (as opposed to dismiss) any portion of Knapp's UCL cause of action at this

6    juncture, and I construe this portion of its motion as a motion to dismiss under Rule 12(b)(6).

7         So construed, the motion is GRANTED WITH LEAVE TO AMEND with respect to

8    Knapp's unlawful prong claim based on section 52(a). That statute is limited to false

9    advertisements relating to the purchase of "food, drugs, devices, services, or cosmetics." 15

10   U.S.C. § 52(a); *see also* 15 U.S.C. § 55 (defining "food," "drug," "device," and "cosmetic"").

11   Knapp does not explain how Art.com's advertising falls within this scope, and instead concedes

12   that section 52(a) "may not be applicable here." Oppo. at 17 n.5. Because the allegations in the

13   FAC do not support a plausible inference that Art.com has violated section 52(a), Knapp may not

14   base an unlawful prong claim on that statute.

15        In all other respects, Art.com's motion is DENIED. The rest of Art.com's attacks on

16   Knapp's claims under the UCL's unlawful and unfair prongs largely overlap with its arguments

17   regarding the FAL cause of action, discussed above, and fail for essentially the same reasons. *See*

18   Mot. at 21-23; Reply at 13-15. Knapp's claims under the unlawful prong based on section 17501,

19   section 233.1(a), and sections 1770(a)(9) and 1770(a)(13), and his claim under the unfair prong,

20   may proceed.

21                                    **CONCLUSION**

22        For the foregoing reasons, Art.com's motion to dismiss and strike is GRANTED IN PART

23   and DENIED IN PART. Knapp's claims under the UCL's unlawful prong are DISMISSED

24   WITH LEAVE TO AMEND to the extent that they are based on section 52(a). Knapp has not

25   stated a claim under the UCL's fraudulent prong. In all other respects, Art.com's motion is

26   DENIED. Knapp may file a second amended complaint within 20 days of the date of this Order.

27   If he chooses not to file a second amended complaint, Art.com shall file its answer within 20 days

28   of the date of his notice filed in the Court's docket on ECF that he will not file a second amended

1    complaint, or within 40 days of the date of this Order, whichever is sooner.

2          **IT IS SO ORDERED**.

3    Dated: June 15, 2016

4                                               _____

5                                               WILLIAM H. ORRICK
                                               United States District Judge