THE WAND LAW FIRM
Aubry Wand (SBN 281207)
400 Corporate Pointe, Suite 300
Culver City, California 90230
Telephone: (310) 590-4503
Facsimile: (310) 590-4596
E-mail: awand@wandlawfirm.com

SCHNEIDER WALLACE COTTRELL
KONECKY WOTKYNS LLP
Todd M. Schneider (SBN 158253)
Jason H. Kim (SBN 220279)
Kyle G. Bates (SBN 299114)
2000 Powell Street, Suite 1400
Emeryville, California 94608
Telephone: (415) 421-7100
Facsimile: (415) 421-7105
E-mail:  tschneider@schneiderwallace.com
            jkim@schneiderwallace.com
            kbates@schneiderwallace.com

Attorneys for Plaintiff JAMES KNAPP

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JAMES KNAPP, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ART.COM, INC., a California corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | CASE NO.: 4:16-cv-00768-WHO<br><br>[Hon. William H. Orrick]<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT**<br><br>Date;            April 12, 2017<br>Time:           2:00 p.m<br>Courtroom:   2<br><br>Complaint filed:   February 16, 2016<br>Trial Date;          January 8, 2010 |

1

## TABLE OF CONTENTS

I.    INTRODUCTION .................................................................................................2

II.   PROCEDURAL BACKGROUND ........................................................................3

III.  THE SETTLEMENT ...........................................................................................4

    A.   The Proposed Settlement Class.................................................................4

    B.   Settlement Terms .......................................................................................4

        1.   Pecuniary Benefits to the Class ......................................................4

        2.   Injunctive Relief ..............................................................................5

        3.   Class Representative Incentive Award .............................................5

        4.   Attorneys' Fees and Costs ...............................................................6

        5.   Settlement Administration Costs .....................................................7

    C.   Release .......................................................................................................7

    D.   Class Notice and Objection and Opt-Out Rights.......................................8

        1.   Notice to Class Members .................................................................8

        2.   Exclusions ........................................................................................8

        3.   Objections ........................................................................................9

    E.   CAFA Notice.............................................................................................9

IV.   THE SETTLEMENT IS FAIR AND REASONABLE ........................................9

    A.   The Proposed Settlement Was Reached After Informed, Arm's Length Bargaining .....10

    B.   The Proposed Settlement Does Not Suffer From Any Obvious Deficiencies ................11

    C.   The Proposed Settlement Does Not Provide Preferential Treatment to Plaintiff Or a Segment of the Class .......................................................11

-i-

D.   The Proposed Settlement Falls within the Range of Possible Approval ........................12

V.   THE CLASS SHOULD BE CERTIFIED FOR SETTLEMENT PURPOSES........................13

A.   The Requirements of Rule 23(a) are Satisfied ................................................13

1.   The Numerosity Requirement is Satisfied ...............................................13

2.   The Commonality Requirement is Satisfied...........................................13

3.   The Typicality Requirement is Satisfied ................................................14

4.   The Adequacy Requirement is Satisfied................................................15

B.   The Requirements of Rule 23(b)(3) Are Satisfied.........................................15

1.   Common Issues Predominate Over Individual Issues ..............................15

2.   A Class Action is a Superior Method to Resolve this Controversy........................16

VI.   THE PROPOSED CLASS NOTICE SHOULD BE APPROVED .......................................17

VII.   CONCLUSION..................................................................................................19

1

<u>**TABLE OF AUTHORITIES**</u>

2

<u>**Federal Cases**</u>

3

*Amchem Products, Inc. v. Windsor*
   521 U.S. 591 (1997) .................................................................................................. 15, 16

4

5

*Barbosa v. Cargill Meat Solutions Corp.*
   2013 WL 3340939 (E.D. Cal. Jul. 2, 2013) .......................................................... 16

6

*Browning v. Yahoo! Inc.*
   2007 WL 4105971 ........................................................................................................ 18

7

8

*Churchill Vill., L.L.C. v. GE*
   361 F.3d 566 (9th Cir. 2004) ................................................................................... 17

9

*Eisen v. Carlisle & Jacquelin*
   417 U.S. 156 (1974) ................................................................................................... 17

10

11

*Ellis v. Costco Wholesale Corp.*
   657 F.3d 970 (9th Cir. 2011) ................................................................................... 14

12

*Farinella v. Paypal, Inc.*
   611 F.Supp.2d 250 (E.D.N.Y. 2009) ..................................................................... 18

13

14

*Guido v. L'Oreal, USA, Inc.*
   284 F.R.D. 468 (C.D. Cal. 2012) ............................................................................ 14

15

*Hanlon v. Chrysler Corp.*
   150 F.3d 1011 (9th Cir. 1998) ......................................................................... 13, 14, 15

16

17

*Hinojos v. Kohl's Corp.*
   718 F.3d 1098 (9th Cir. 2013) ........................................................................... 15, 16

18

*Jordan v. County of Los Angeles*
   669 F.2d 1311 (9th Cir. 1982), rev'd on other grounds, 713 F.2d 503 (9th Cir. 1983) ............ 13

19

20

*In re Heritage Bond Litig.*
   546 F.3d 667 (9th Cir. 2009) ..................................................................................... 9

21

*In re HP Inkjet PrinterLitig.*
   716 F.3d 1173 (9th Cir. 2013) ................................................................................... 6

22

23

*In re Online DVD-Rental Antitrust Litig.*
   779 F.3d 934 (9th Cir. 2015) ..................................................................... 2, 5, 6, 11, 17

24

*In re Mercury Interactive Corp. Sec. Litig.*
   618 F.3d 988 (9th Cir. 2010) ..................................................................................... 7

25

26

*In re Tableware Antitrust Litig.*
   484 F.Supp.2d 1078 (N.D. Cal. 2007) ................................................................ 12

27

*In re Wells Fargo Loan Processor Overtime Pay Litig.*
   2011 U.S. Dist. LEXIS 84541 (N.D. Cal. Aug. 2, 2011) ................................ 17

28

*Mendoza v. United States*
      623 F.2d 1338 (9th Cir. 1980). ............................................................ 17

*Phillips Petroleum Co. v. Shutts*
      472 U.S. 797 (1985). ................................................................... 17, 18

*Rodriguez v. Hayes*
      591 F.3d 1105 (9th Cir. 2010) ........................................................ 13, 14

*Rodriguez v. West Publ'g Corp.*
      563 F.3d 948 (9th Cir. 2009). ............................................................. 12

*Schaffer v. Litton Loan Servicing, LP*
      2012 WL10274679 (C.D. Cal. Nov. 13, 2012) ................................... 12, 13

*Spann v. J.C. Penney Corp.*
      314 F.R.D. 312 (C.D. Cal. 2016) .................................................... 10, 11

*Staton v. Boeing Co.*
      327 F.3d 938 (9th Cir. 2003)........................................................ 5, 6, 14

*Tadepalli v. Uber Technologies, Inc.*
      2015 WL 9196054 (N.D. Cal. Dec. 17, 2015) ..................................... 18

*Tait v. BSH Home*
      2012 WL 6699247 (C.D. Cal. Dec. 20, 2012) ................................... 16

*Valentino v. Carter-Wallace, Inc.*
      97 F.3d 1227 (9th Cir. 1996) ......................................................... 16

*Vasquez v. Coast Valley Roofing, Inc.*
      670 F.Supp.2d 1114 (E.D. Cal. 2009) ............................................. 12

*Wal-Mart Stores, Inc. v. Dukes*
      131 S. Ct. 2541 (2011) ............................................................. 13, 14

*Williams v. Gerber Prods. Co.*
      552 F.3d 934 (9th Cir. 2008)......................................................... 15, 16

*Zinser v. Accufix Research Inst., Inc.*
      253 F.3d 1180 (9th Cir. 2001)........................................................ 16

**State Statutes**

Cal. Bus. & Prof. Code § 17200, et seq. ("UCL")............................................. 3

Cal. Bus. & Prof. Code § 17500. et seq. ("FAL") ............................................. 3

Cal. Civ. Code § 1750, et seq. ("CLRA") ..................................................... 3

**Federal Rules**

Fed. R. Civ. P. 23 ............................................................................... passim

I. **INTRODUCTION**

This is a class action brought by Plaintiff James Knapp ("Plaintiff"), on behalf of himself and all similarly situated consumers throughout the United States, against Defendant Art.com, Inc. ("Art.com"). Plaintiff alleges that Art.com violated California consumer protection laws and committed unlawful business practices by offering perpetual sales such that the so-called sale price is actually the price at which Art.com regularly offers for sale, and sells, its merchandise.

The parties have reached a settlement in this matter, as memorialized in the agreement attached as Exhibit 1 to the Declaration of Jason H. Kim ("Kim Decl."), ¶ 3 ("Settlement Agreement"). The proposed settlement provides for the issuance of Vouchers in the amount of $10 to each Class Member that can be used for any of a wide variety of products available from Art.com and Allposters.com. Based on the number of Class Members and transactions during the statute of limitations period, the value of these Vouchers is estimated to be up to $20 million. The settlement also provides for injunctive relief, requiring Art.com to undertake a compliance program wherein it will conduct periodic audits and training to ensure that its advertising and pricing practices will comply with the laws alleged to have been violated in this case.

As more fully discussed herein, the proposed settlement is fair, reasonable and adequate. It represents a significant recovery based on the risks of obtaining and maintaining class certification and establishing liability and damages at trial. Furthermore, a class should be provisionally certified for settlement purposes because all of the requirements of Fed. R. Civ. P. 23(b)(3) are satisfied, specifically: (1) the Class is so numerous that joinder of all members is impracticable; (2) there are questions of law and fact common to the Class; (3) Plaintiff's claims are typical of the claims of the Class; (4) Plaintiff and his counsel will fairly and adequately protect the interests of the Class; and (5) common issues predominate over any questions affecting only individual members, and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

Finally, the proposed notice plan meets all requirements as to method and form, as the Class Notice, which is to be distributed to each Class Member, fairly apprises them of the terms of the proposed settlement and their options in connection with the proceedings. Accordingly,

1   Plaintiff respectfully requests that this Court grant preliminary approval, provisionally certify the

2   Class as described herein, approve the Class Notice, and set a hearing for final approval of the

3   Settlement.

4   **II.     PROCEDURAL BACKGROUND**

5         On February 16, 2016, Plaintiff filed a Complaint in this Court, entitled *James Knapp,*

6   *individually and on behalf of all others similarly situated v. Art.com, Inc.; and Does 1 through 50,*

7   *inclusive*, Case Number 16-cv-00768-WHO. *See* ECF No. 1. On March 23, 2016, Plaintiff filed a

8   First Amended Complaint (the operative Complaint). *See* ECF No. 6.

9         On May 2, 2016, Art.com filed a motion to dismiss the Complaint. *See* ECF No. 19.

10  Plaintiff opposed this motion, and on June 15, 2016, the Court issued an order largely denying

11  Art.com's motion to dismiss, with the exception that Plaintiff's UCL unlawful prong claim based

12  on 15 U.S.C. § 52(a) and Plaintiff's UCL fraudulent prong claim were dismissed. *See* ECF No. 31

13  at 11. Plaintiff elected not to further amend his complaint, and thus, the operative Complaint

14  alleges four causes of action against Art.com for: (1) violation of the California False Advertising

15  Law, Cal. Bus. & Prof. Code § 17500, *et seq.*; (2) violation of the California Consumer Legal

16  Remedies Act, Cal. Civ. Code § 1750 *et seq.*; (3) violation of the California Unfair Competition

17  Law, Cal. Bus. & Prof. Code § 17200, *et seq.* (unfair prong and unlawful prong based on

18  violations of the California False Advertising law and Consumer Legal Remedies Act); and (4) a

19  common law claim for unjust enrichment. Art.com filed an answer to the operative Complaint on

20  July 5, 2016.  *See* ECF No. 34.

21        On October 14, 2016, Plaintiff filed a motion for class certification. *See* ECF No. 41. On

22  November 4, 2016, Art.com filed a motion for summary judgment. *See* ECF No. 47.

23        On November 10, 2016, the parties participated in a mediation with David Rotman. At the

24  conclusion of the day-long mediation, the parties reached an agreement regarding the material

25  terms of this Settlement. Therefore, the parties jointly requested that the Court vacate all deadlines

26  and hearing dates with respect to Plaintiff's pending motion for class certification and Art.com's

27  pending motion for summary judgment. On December 12, 2016, the Court issued an order

28

1   granting the parties' stipulation. *See* ECF No. 50. There are currently no dates on calendar other

2   than the hearing on this Motion.

3   **III.    THE SETTLEMENT**

4        **A.    The Proposed Settlement Class**

5        The proposed Settlement provides relief to a Class comprised of: "all persons, who

6   between February 12, 2012, to June 9, 2016, purchased any product from Art.com through the e-

7   commerce websites www.art.com, www.posters.com, and/or www.allposters.com, pursuant to a

8   site-wide, all products sale by entering a coupon code, and whose product was shipped to an

9   address in the United States.[1] Settlement Agreement, ¶ 3.5. This is a narrower class than that

10  alleged in the First Amended Complaint (ECF No. 6, ¶ 9). The proposed settlement class is limited

11  to those who purchased from Defendant's websites pursuant to a "site-wide, all products sale by

12  entering a coupon code." This limitation is justified by information obtained during discovery,

13  which revealed a substantial number of sales during the class period that did not involve a

14  discount.

15       **B.    Settlement Terms**

16       In exchange for a release of claims against Art.com, the terms of the Settlement are as

17  follows:

18            1.    Pecuniary Benefits to the Class

19       Art.com or the Settlement Administrator will automatically distribute to each Class

20  Member who does not opt out of the Settlement ("Releasing Settlement Class Members") a $10

21  Voucher. *Id.*, ¶¶ 3.17, 3.19, 5.2. Class Members are not required to make any claim to receive the

22  benefit. *Id.*

23       The estimated size of the Class is approximately 2,055,042. Declaration of Gary Takemoto

24  ("Takemoto Decl."), ¶ 3. Thus, the total monetary value of the Vouchers is up to approximately

25  _____

26  [1]Excluded from this definition are the following individuals and/or entities: Art.com and its parents, subsidiaries, affiliates, officers and directors, current or former employees, and any entity
27  in which Art.com has a controlling interest; all individuals who make a timely election to be excluded from this proceeding using the correct protocol for opting out; and all judges assigned to
28  any aspect of this litigation, as well as their immediate family members.

$20 million, assuming all Class Members redeem their Vouchers. The Vouchers also possess the following attributes: (a) they can be used toward the purchase of any product on www.art.com, www.allposters.com, and/or www.posters.com; (b) they can be used multiple times until the balance of the Voucher is extinguished; (c) they are transferrable (i.e., they may be transferred to other persons, including other Class Members or non-Class Members); (d) they can be used on sale and/or promotional items and can be used for shipping and tax in an amount not to exceed the Voucher amount; (e) they are not valid for prior purchases; (f) only one Voucher may be used in a single transaction; (g) they are not redeemable for cash, nor are they gift cards or gift certificates under California law; and (h) they are valid for eighteen (18) months after issuance. Settlement Agreement, ¶ 3.19.

### 2.   Injunctive Relief

As direct result of this litigation, Art.com agrees that its advertising and pricing practices as of the Effective Date of the Settlement, and continuing forward, will not violate Federal or California law. Specifically, Art.com agrees that any regular price to which Art.com refers in any advertising will be the actual, bona fide price at which the item was openly and actively offered for sale, for a reasonably substantial period of time, in the recent, regular course of business, honestly and in good faith. Furthermore, Art.com has agreed to implement a compliance program, which will consist of periodic (no less than once a year) monitoring, training and auditing to ensure compliance with relevant laws, for a period of at least four (4) years from the Effective Date of the Settlement. Settlement Agreement, ¶ 5.1.

### 3.   Class Representative Incentive Award

Subject to Court approval, in exchange for the release of his claims, as well as for his time and effort in litigating this matter, Plaintiff shall be paid up to $5,000 ("Class Representative Incentive Award"). *Id.*, ¶ 5.7. This amount reflects the considerable time and effort that Plaintiff expended on behalf of the Class, including by participating in many discussions with Class Counsel, providing declarations, appearing for deposition, and assisting with other discovery. Kim Decl., ¶ 11. An incentive award of this same amount was approved in *In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 947-48 (9th Cir. 2015). *See also Staton v. Boeing Co.*, 327 F.3d

1   938, 976-77 (9th Cir. 2003) ("We have … approved incentive awards of $5,000 each to the two

2   class representatives of 5,400 potential class members in a settlement of $1.725 million.").

3                          4.      Attorneys' Fees and Costs

4          Pursuant to the Settlement Agreement, Class Counsel will request $745,000 for their fees

5   and reimbursable costs. Art.com has agreed that it will not object to a motion by Class Counsel for

6   an award of these fees and costs. Settlement Agreement, ¶ 5.6. Class Counsel currently estimates

7   their litigation costs are approximately $59,000 and their fees, based on the lodestar, are

8   approximately $500,000.[2] Kim Decl., ¶ 9.

9          The attorneys' fees and costs that Plaintiff is entitled to request represent approximately

10  3.7% of the value of the Voucher settlement (without considering the value of the injunctive

11  relief). This is not a coupon settlement that would trigger the provisions of 28 U.S.C. § 1712, the

12  Class Action Fairness Act ("CAFA"). *See In re HP Inkjet Printer Litigation*, 716 F.3d 1173, 1184

13  (9th Cir. 2013) (if district court sets attorneys' fees based on value of a coupon settlement then it

14  must use the value of the redeemed coupons). The Vouchers in this case are similar to the $12

15  vouchers for use on the Wal-Mart website approved as the primary consideration to class

16  members, and found not to trigger the Class Action Fairness Act's "coupon settlement"

17  provisions, in *In re Online DVD-Rental Antitrust Litig.* Among other reasons, the Ninth Circuit

18  approved this settlement because:

19         Instead of merely offering class members the chance to receive a percentage
           discount on a purchase of a specific item or set of items at Walmart, the
20         settlement gives class members $12 to spend on any item carried on the website
           of a giant, low-cost retailer. The class member need not spend any of his or her
21         own money and can choose from a large number of potential items to purchase.

22  779 F.3d at 949-51.

23         The same observations can be made about the Vouchers in this case. The Voucher

24  constitutes a substantial value to each Class Member, as Art.com offers approximately 100,000

25  items in several diverse categories for $10 or less. Takemoto Decl. ¶ 5. Class Members will

26

27  [2] Litigation costs will increase based on additional filings during the course of administration of
    the settlement. Class counsel's lodestar will also increase based on the time they will need to
28  expend through the settlement administration and approval process.

therefore be able to use the Voucher towards a large selection of items without spending any of their own money. *Id.*, ¶ 5. However, if they so choose, Class Members can also use the Voucher for $10 off any higher priced items sold by Art.com.

The requested attorneys' fees also represent a modest multiplier of 1.4 based on Class Counsel's current lodestar. Plaintiff will provide further supporting documentation and briefing regarding Class Counsel's fees and costs and the Class Representative Incentive Award in a separate motion, which will be filed fourteen (14) calendar days prior to the opt-out or objection deadline. *See In re Mercury Interactive Corp. Sec. Litig.*, 618 F.3d 988 (9th Cir. 2010).

### 5. Settlement Administration Costs

Art.com is responsible for paying all Settlement Administration costs up to $75,000. The parties have selected an experienced and well-qualified settlement administrator, Heffler Claims Group, to administer class notice and settlement.  Settlement Agreement, ¶¶ 3.2, 5.8. *See also* Declaration of James R. Prutsman ("Prutsman Decl.") ¶¶ 1-3.

### C. **Release**

Under the Settlement, Class Members will release claims based on those arising out of, in connection with, or relating to the facts alleged in the operative Complaint. Specifically, upon entry of the Final Order and Judgment, all Releasing Settlement Class Members shall irrevocably release, acquit, and forever discharge Art.com of and from any and all claims, rights, causes of action, penalties, demands, damages, debts, accounts, duties, costs and expenses (other than those costs and expenses required to be paid pursuant to this Agreement), liens, charges, complaints, causes of action, obligations, or liability of any and every kind that were asserted in the Action, or that could have been asserted but were not asserted in the Action or in any other court or forum, whether known or unknown, on the basis of, connected with, arising out of, or related in whole or in part to any or all of the alleged acts, omissions, facts, matters, transactions, circumstances, and occurrences that were directly or indirectly alleged, asserted, described, set forth, or referred to in the Action whether such allegations were or could have been based on common law or equity, or on any statute, rule, regulation, order, or law, whether federal, state, or local, including, without limitation, claims under federal or state unfair competition and false advertising laws. Settlement

1   Agreement, ¶ 7.1. Releasing Settlement Class Members also agree to waive any and all rights or

2   benefits that they as individuals or the class may now have as a result of the alleged facts,

3   circumstances, and occurrences underlying the claims set forth in the Action under the terms of

4   Section 1542 of the California Civil Code (or similar statute in effect in any other jurisdiction).

5   Settlement Agreement, ¶ 7.3.

6          **D.        Class Notice and Objection and Opt-Out Rights**

7          Pursuant to the terms of the Settlement Agreement, sufficient notice will be provided that

8   will fully apprise Class Members of the terms of the Settlement. Art.com will in good faith

9   compile its records and provide the Settlement Administrator with information relating to the

10  Class Members ("Class Information") within ten (10) calendar days after the Court grants

11  preliminary approval of the Settlement. *Id.*, ¶ 6.2. Within twenty-five (25) calendar days after

12  receiving the Class Information from Art.com, the Settlement Administrator shall send the Class

13  Notice to all Class Members via email to any and all email addresses within Art.com's records for

14  the Class Member. *Id.* The Settlement Administrator will also create a settlement website and post

15  the Class Notice, the operative Complaint, the Settlement Agreement, Class Counsel's motion for

16  attorneys' fees and costs, and the Order Granting Preliminary Approval of Class Action

17  Settlement and Provisional Class Certification, on the website prior to the Opt-Out and Objection

18  Date. *Id.*, ¶ 6.3. *See also* Prutsman Decl. ¶ 10. As set forth below, courts have increasingly

19  recognized that email notice provides an effective means of class notice, especially in matters

20  related to e-commerce (as is the case here). *See* discussion *infra* Section VI.

21                    1.     Notice to Class Members

22         The Parties have agreed to the substantial form of the Class Notice, subject to the Court's

23  approval. Settlement Agreement, ¶ 3.6, Exh. A.

24                    2.     Exclusions

25         Class Members will have the opportunity to exclude themselves from the Settlement by

26  submitting a written, signed request to the Settlement Administrator by first-class mail, postage-

27  prepaid or by email directed to the address provided in the Class Notice. *Id.*, ¶ 6.4.   Class

28  Members must submit the their written request for exclusion within sixty (60) days after the

1  Settlement Administrator transmits the Class Notice to Class Members (the "Opt-Out and
2  Objection Date"). Settlement Agreement, ¶¶ 3.14, 6.4, 6.5.

3      3.      Objections

4      The Class Notice informs Class Members of their right to object to the Settlement. Class
5  Members who wish to object must file a written objection by the Opt-Out and Objection Date
6  pursuant to the instructions set forth in the Class Notice and in accordance with the United States
7  District Court for the Northern District of California's Procedural Guidance for Class Action
8  Settlements. Settlement Agreement, ¶ 6.7. The Objection must be signed by the Class Member and
9  state: (a) the full name, address, and email address of the Class Member; (b) a statement that the
10  person is a Class Member; (c) the word "Objection"; (d) state the legal and factual arguments
11  supporting the objection; (e) whether the person intends to appear the Final Settlement Hearing;
12  and (f) the Class Member's signature, even if represented by counsel. *Id.* Class Members who fail
13  to timely make objections in the manner specified shall be deemed to have waived any objections
14  and shall be foreclosed from making any objections (whether by appeal or otherwise) to the
15  Settlement. *Id.*

16      **E.      CAFA Notice**

17      CAFA requires a defendant participating in a proposed class action settlement to serve
18  upon the appropriate state official of each State in which a class member resides and the
19  appropriate federal official, a notice of the proposed settlement. *See* 28 U.S.C. § 1715(b). Art.com
20  will comply with the notice requirements set forth in 28 U.S.C. § 1715 within 10 days of the filing
21  of this motion.

22  **IV.    THE SETTLEMENT IS FAIR AND REASONABLE**

23      Pursuant to Federal Rule of Civil Procedure 23(e), "[t]he claims, issues, or defenses of a
24  certified class may be settled, voluntarily dismissed, or compromised only with the court's
25  approval." Fed. R. Civ. Proc. § 23(e). Before a court approves a settlement, it must conclude that
26  the settlement is "fundamentally fair, adequate and reasonable." *In re Heritage Bond Litig.*, 546
27  F.3d 667, 674-75 (9th Cir. 2009). At the preliminary approval stage, the court may grant
28  preliminary approval of a settlement and direct notice to the class if the settlement: "(1) appears to

1  be the product of serious, informed, non-collusive negotiations; (2) has no obvious deficiencies;

2  (3) does not improperly grant preferential treatment to the class representative or segments of the

3  class; and (4) falls within the range of possible approval." *Spann v. J.C. Penney Corp.*, 314 F.R.D.

4  312, 319 (C.D. Cal. 2016) (internal quotation omitted).

5        Preliminary approval is appropriate here because all of the criteria supporting class

6  certification are satisfied.

7        **A.**     <u>**The Proposed Settlement Was Reached After Informed, Arm's Length**</u>

8          <u>**Bargaining**</u>

9        The Settlement Agreement was reached following extensive negotiations during a private

10  mediation session with David Rotman. Kim Decl. ¶ 4. The settlement negotiations were at arm's

11  length and, although conducted in a professional manner, were adversarial. The parties went into

12  the mediation session willing to explore the potential for a settlement of the dispute, but each side

13  was also committed and prepared to vigorously litigate the case if a settlement had not been

14  reached. This is demonstrated by the parties' respective motions for class certification and

15  summary judgment, which were on file with the Court before the mediation occurred. *Id.*

16        Moreover, Plaintiff and Class Counsel conducted a thorough investigation and completed

17  substantial discovery before participating in the mediation. Among other things, Class Counsel

18  monitored Art.com's publicly advertised sales for a period of several months before filing the

19  complaint. Once litigation commenced, the parties conducted extensive discovery into the merits

20  of Plaintiff's claims and class certification issues. Plaintiff sat for deposition and took the

21  deposition of Art.com's Rule 30(b)(6) designee on its sales and advertising practices. The parties

22  also exchanged substantial written discovery. The parties exchanged thousands of pages of

23  documents, including sales data, Art.com's internal documents concerning its advertising, pricing,

24  and promotional practices, and actual advertisements disseminated to consumers. Plaintiff also

25  retained two well-qualified experts in the fields of marketing and accounting. Thus, Plaintiff and

26  Class Counsel were well-apprised of the salient legal and factual issues before participating in the

27  mediation. *Id.*, ¶ 5.

28

The settlement is also fair and reasonable given the possible risks of litigation. Prior to the mediation, Art.com filed a motion for summary judgment which relied on a recent California Court of Appeal decision which, Art.com argues, holds that in a case like this the only proper measure of restitution is the difference between the value of the item and the price customers paid. Art.com argued Plaintiff and the class are not entitled to any restitution because the difference between the value of the items purchased and prices paid is zero.

While Plaintiff disagrees with Art.com's arguments, it is possible that the Court would agree with Art.com which would lead to no recovery by Plaintiff and the class. The settlement the parties have negotiated is fair and reasonable especially given this risk of continued litigation.

**B.**     **The Proposed Settlement Does Not Suffer From Any Obvious Deficiencies**

The second factor the Court considers is whether there are obvious deficiencies in the Settlement. Under the terms of the Settlement Agreement, Art.com has committed to set aside approximately $20 million in Vouchers. This is an excellent recovery for the Class, which takes into consideration the significant risks of proceeding with the litigation, including the risks of obtaining and maintaining class certification, establishing liability and proving damages. *See Spann*, 314 F.R.D. at 326 (preliminarily approving settlement of class action involving deceptive discounting practices in light of "substantial litigation risks" including risks associated with restitutionary measures). When the risks of litigation, the uncertainties involved in achieving class certification, the burdens of proof necessary to establish liability, and the probability of appeal of a favorable judgment are balanced against the merits of Plaintiff's claims, it is clear that the settlement amount is fair, adequate, and reasonable and that there are no deficiencies in the proposed settlement. Kim Decl., ¶ 6.

**C.**     **The Proposed Settlement Does Not Provide Preferential Treatment to Plaintiff or a Segment of the Class**

Under the third factor, the Court examines whether the proposed Settlement provides preferential treatment to any class member. The Settlement Agreement provides equal relief to all Class Members, although it does provide a service payment to Plaintiff in an amount of up to $5,000. Settlement Agreement, ¶ 5.7. This modest payment is for the extensive risk and services

1   undertaken by Plaintiff, as well as the substantial benefit conferred on the Class as a result of

2   Plaintiff's efforts. The Ninth Circuit has recognized that service awards to named plaintiffs in a

3   class action are permissible and do not render a settlement unfair or unreasonable.  *See Rodriguez*

4   *v. West Publ'g Corp.*, 563 F. 3d 948, 958-69 (9th Cir. 2009) (finding that the payment of a service

5   award is "fairly typical in class actions."); *In re Online DVD-Rental Litig.* 779 F.3d at 947-48

6   (approving $5,000 incentive award and finding that it was not unreasonably large or unfair).

7   Further, the Court will ultimately determine whether Plaintiff is entitled to the requested service

8   award after considering Plaintiff's motion for attorneys' fees and costs, in which Plaintiff will

9   describe the efforts that he expended on behalf of the Class.

10      **D.      The Proposed Settlement Falls within the Range of Possible Approval**

11      Finally, the Court must consider whether the Settlement falls within the range of possible

12   approval. "To evaluate the range of possible approval criterion, which focuses on substantive

13   fairness and adequacy, courts primarily consider plaintiffs' expected recovery balanced against the

14   value of the settlement offer." *Vasquez v. Coast Valley Roofing, Inc.*, 670 F. Supp. 2d 1114, 1125

15   (E.D. Cal. 2009) (citing *In re Tableware Antitrust Litig.*, 484 F. Supp. 2d 1078, 1080 (N.D. Cal.

16   2007) (internal quotations omitted).

17      Class Counsel believes the maximum monetary benefit attainable for the Class, based on

18   restitution, would be approximately $40 million. This opinion is formulated based on confidential

19   pricing and sales data that Art.com produced in the litigation and consultations with an expert

20   witness. Kim Decl., ¶ 7. Thus, the $20 million Voucher settlement represents about 50 percent of

21   the maximum potential recovery, exclusive of interest and attorneys' fees. *Id.*

22      Art.com contests liability, as well as the propriety of certification, and it is prepared to

23   vigorously oppose certification and to defend against Plaintiff's claims if the action is not settled.

24   *Id.* Moreover, Art.com has a motion for summary judgement on file. This motion, if granted,

25   would essentially eviscerate all of Plaintiff's claims and remedies, leaving a class of

26   approximately 2 million people with nothing. *Id.* at ¶ 8. Although Plaintiff disputes the merits of

27   Art.com's summary judgment motion, the risk that the Court would grant the motion is a factor

28   that weighs in favor of approving this settlement. *See*, *e.g.*, *Schaffer v. Litton Loan Servicing, LP*,

2012 WL10274679, at *11 (C.D. Cal. Nov. 13, 2012) ("Estimates of a fair settlement figure are tempered by factors such as the risk of losing at trial, the expense of litigating the case, and the expected delay in recovery (often measured in years).").

In sum, given the maximum potential damages and the substantial risks entailed by this case, the proposed settlement is reasonable.

## V.   THE CLASS SHOULD BE CERTIFIED FOR SETTLEMENT PURPOSES

When presented with a proposed settlement, the Court must ascertain whether the proposed settlement class satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. *See Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019-22 (9th Cir. 1998). Here, the requirements of both Rule 23(a) and Rule 23(b)(3) are satisfied.[3]

### A.   The Requirements of Rule 23(a) Are Satisfied

Rule 23(a) enumerates four prerequisites for class certification: (1) numerosity; (2) commonality; (3) typicality; and (4) adequacy. Fed. R. Civ. P. 23(a). Each of these requirements is met here.

#### 1.   The Numerosity Requirement is Satisfied

A class must be so numerous that joinder of all members individually is "impracticable." Fed. R. Civ. P. 23(a)(1). Here, there are approximately 2,000,000 Class Members, which makes joinder impracticable. Numerosity is satisfied. *See Jordan v. County of Los Angeles*, 669 F.2d 1311, 1319-20 (9th Cir. 1982), *rev'd on other grounds*, 713 F.2d 503 (9th Cir. 1983).

#### 2.   The Commonality Requirement is Satisfied

Rule 23(a)(2) only requires that there be at least one issue of law or fact common to the class. *See Rodriguez v. Hayes*, 591 F.3d 1105, 1122 (9th Cir. 2010) (one question of fact or law is sufficient). To satisfy the commonality requirement, a class claim "must depend upon a common contention . . . of such a nature that it is capable of classwide resolution – which means that

---

[3] Art.com has agreed to not oppose certification only for purposes of settlement and reserves all rights to argue that the class should not be certified and the requirements of Rule 23 cannot be met if this settlement is not approved.

1  determination of its truth or falsity will resolve an issue that is central to the validity of each one of

2  the claims in one stroke." *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011).

3          The commonality requirement is satisfied here because all Class members' claims arise

4  under the same laws, all Class members were exposed to the same advertised sales, and all Class

5  members have been injured in the same manner. Thus, absent settlement, several issues of law and

6  fact common to the entire Class could be resolved in one fell swoop: whether Art.com's

7  advertisement of perpetual sales was false or misleading within the meaning of the UCL, FAL or

8  CLRA; whether Art.com made false statements in its advertisements; whether Art.com's

9  advertisements were likely to deceive a reasonable consumer; whether Art.com's statements

10  regarding its pricing were material to consumers' purchasing decisions; whether Art.com had a

11  bona fide intention of selling its merchandise at the regular price; and whether Plaintiff and Class

12  members have suffered damages or are entitled to other relief as a result of Art.com's conduct.

13          3.       The Typicality Requirement is Satisfied

14          Rule 23(a)(3) requires that "the claims and defenses of the representative parties are typical

15  of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). "Typicality does not mean that the

16  claims of the class representatives must be identical or substantially identical to those of absent

17  class members." *Staton*, 327 F.3d at 957. Rather, they only need to be "reasonably co-extensive

18  with those of absent class members." *Hanlon*, 150 F.3d at 1020.

19          The typicality requirement is satisfied because Plaintiff and Class Members uniformly

20  purchased products from Art.com that were purportedly sold at a discount from a referenced false

21  former price based on the same deceptive sales representations disseminated by Art.com. *See*

22  *Guido v. L'Oreal, USA, Inc.*, 284 F.R.D. 468, 479 (C.D. Cal. 2012) *reconsideration granted on*

23  *other grounds*, CV 11-1067 CAS JCX, 2012 WL 2458118 (C.D. Cal. June 25, 2012) (finding

24  typicality when "each named plaintiff testified that she would not have purchased Serum or would

25  have paid less for Serum had she known it had flammable characteristics."). In short, Plaintiff

26  shares an injury with the Class that "is not unique to" him and which occurred out of the same

27  "course of [deceptive] conduct[.]" *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 984 (9th Cir.

28  2011). Thus, the typicality requirement is met.

4.     The Adequacy Requirement is Satisfied

A class representative must be able to "fairly and adequately" protect the interests of all members in the class. Fed. R. Civ. P. 23(a)(4). Adequacy is met where the class representatives: (1) have common, not antagonistic, interests with unnamed class members; and (2) will vigorously prosecute the interests of the class through qualified counsel. *See Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 625-26 (1997).

Here, Plaintiff, the proposed class representative, has the same types of interests and suffered the same types of injury as all other Class Members. In addition, Plaintiff has already provided significant, valuable assistance in the investigation and prosecution of this matter, and helped to bring about the Settlement now before this Court. Kim Decl., ¶ 11. He is therefore an "adequate" class representative within the meaning of Rule 23(a)(4). Plaintiff's counsel is also "adequate" because they have extensive experience in class action litigation, and have vigorously pursued these claims throughout the history of this litigation. *Id., ¶* 12. Accordingly, the designated Plaintiff should be appointed as Class Representative and Plaintiff's counsel should be appointed as Class Counsel.

**B.     The Requirements of Rule 23(b)(3) are Satisfied**

"To qualify for certification under [Rule 23(b)(3)], a class must satisfy two conditions in addition to the Rule 23(a) prerequisites: common questions must 'predominate over any questions affecting only individual members,' and class resolution must be 'superior to other available methods for the fair and efficient adjudication of the controversy.'" *Hanlon*, 150 F.3d at 1022 (quoting Fed. R. Civ. P. 23(b)(3)).

1.     Common Questions Predominate Over Individual Issues

Plaintiff brings claims for violations of the FAL, CLRA, and UCL and a common law claim for unjust enrichment. The central and predominant question as to all of Plaintiff's legal claims is whether Art.com's perpetual sale marketing scheme is deceptive, unlawful, and/or unfair. *See Williams v. Gerber Prods. Co.*, 552 F.3d 934, 938 (9th Cir. 2008) (holding that "the primary evidence in a false advertising case is the advertising itself") (citation omitted); *Hinojos v. Kohl's Corp.*, 718 F.3d 1098, 1101 (9th Cir. 2013) (recognizing that "falsely claiming that . . . products

have previously sold at a far higher 'original' price in order to induce customers to purchase merchandise at a purportedly marked-down 'sale' price" is misleading, effective, and prohibited under California law). This determination is not made with regard to each class member, but under a single, objective, and common "reasonable consumer" standard. *Williams*, 552 F.3d at 938. "This objective test renders claims under the UCL, FAL, and CLRA ideal for class certification because they will not require the court to investigate class members' individual interaction with the product.'" *Tait v. BSH Home*, 2012 WL 6699247, at *12 (C.D. Cal. Dec. 20, 2012) (citations omitted).

### 2.   A Class is the Superior Method to Resolve this Controversy

A class action is superior to other methods of litigation where, as here, "classwide litigation of common issues will reduce litigation costs and promote greater efficiency" and "no realistic alternative [to classwide treatment] exists." *Valentino v. Carter-Wallace, Inc.*, 97 F.3d 1227, 1234-1235 (9th Cir. 1996). In considering whether a class action is superior, the Court must focus on whether "efficiency and economy" would be advanced by class treatment. *See Zinser v. Accufix Research Inst. Inc. Corp.*, 253 F.3d. 1180, 1190 (9th Cir. 2001). And when evaluating the propriety of certification of a settlement class, a court may properly consider that there will be no trial. *Amchem*, 521 U.S. at 620 ("Confronted with a request for settlement-only class certification, a district court need not inquire whether the case, if tried, would present intractable management problems . . . for the proposal is that there be no trial.").

Here, concentrating the adjudication of claims into a single proceeding is highly desirable because individual claims could only be brought by claimants unlikely to be able to afford to pursue them or who lack sufficient knowledge of their rights. Even if those individuals could bring separate lawsuits, having nearly identical lawsuits filed by hundreds if not thousands of individuals would be wasteful and inefficient. The high cost of litigating these cases would dwarf any potential recovery for the majority of consumers, most of whom would likely forgo vindicating their rights. *See Barbosa v. Cargill Meat Solutions Corp.*, No. 1:11-cv-00275-SKO, 2013 WL 3340939, at *11 (E.D. Cal. Jul. 2, 2013). Accordingly, certification is superior to any other method of resolution, as it will promote economy, expediency, and efficiency.

## VI.   <u>THE PROPOSED CLASS NOTICE SHOULD BE APPROVED</u>

Adequate notice is critical to court approval of a class settlement under Rule 23(e). *Hanlon*, 150 F.3d at 1025. The threshold requirement concerning the sufficiency of class notice is whether the means employed to distribute the notice is reasonably calculated to apprise the class of the pendency of the action, of the proposed settlement, and of the class members' rights to opt out or object. *See Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 173-74 (1974). In the Ninth Circuit, notice is satisfactory if it "generally describes the terms of the settlement in sufficient detail to alert those with adverse viewpoints to investigate and to come forward and be heard." *Churchill Vill., L.L.C. v. GE*, 361 F.3d 566, 575 (9th Cir. 2004) (citing *Mendoza v. United States*, 623 F.2d 1338, 1352 (9th Cir. 1980)); *see also In re Wells Fargo Loan Processor Overtime Pay Litig.*, 2011 WL 3352460, 2011 U.S. Dist. LEXIS 84541, at *13 (N.D. Cal. Aug. 2, 2011).

The Class Notice provides Class Members with sufficient information to make an informed and intelligent decision about the Settlement. The Class Notice is written in simple, straightforward language that, among other things, includes: (1) basic information about the lawsuit; (2) a description of the benefits provided by the settlement; (3) an explanation of how Class Members can obtain settlement benefits; (4) an explanation of how Class Members can exercise their right to request exclusion from or object to the settlement; (5) an explanation that any claims against Art.com that could have been litigated in this action will be released if the Class Member does not request exclusion from the settlement; (6) information regarding Class Counsel's request for fees and expenses, Plaintiff's service payment, and how Class Members may obtain a copy of the upcoming fee motion (which, like all pertinent settlement documents, will be posted to a settlement website); (7) the Final Approval hearing date; and (8) an explanation of eligibility for appearing at the Final Approval hearing. Settlement Agreement, Exh. A. Accordingly, the Class Notice satisfies the content requirements of Rule 23(e).

The parties propose that Class Notice be disseminated via email and by the establishment of a settlement website, which is the best practicable method of notice under the circumstances. *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 811-12 (1985) ("The notice must be the best practicable, reasonably calculated, under all the circumstances, to apprise interested parties of the

1   pendency of the action and afford them an opportunity to present their objections." (internal

2   citations and quotations omitted)).

3       Courts have increasingly recognized that email may be used as the primary means of class

4   notice, especially where e-commerce is involved. *See, e.g., Tadepalli v. Uber Technologies, Inc.*,

5   2015 WL 9196054, *3, 12 (N.D. Cal. Dec. 17, 2015) (approving email and settlement website

6   notice to class of Uber consumers because "Uber represents and warrants that email is the primary

7   means by which Uber communicates with its users, and that notice by email is calculated to reach

8   90% of Settlement Class Members"); *Farinella v. Paypal, Inc.*, 611 F. Supp. 2d 250, 257 n. 10

9   (E.D.N.Y. 2009) (approving email notice to class because "potential class members in this case are

10  uniquely suited for email notification because: (1) their interactions with the defendants have

11  exclusively or predominantly been via email and over the Internet and (2) while the email

12  addresses associated with their PayPal accounts have been verified by the defendants, their

13  mailing addresses have not"); *Browning v. Yahoo! Inc.*, 2007 WL 4105971, *4 ("Email notice was

14  particularly suitable in this case, where settlement class members' claims arise from their visits to

15  Defendants' Internet websites.").

16      Here, notice via email and posting on a settlement website constitutes the best practicable

17  notice in light of the facts of this case and based on the authorities cited above. All Class Members

18  are familiar with e-commerce, as the purchases covered by this Settlement involve consumer

19  transactions through Art.com's website. Takemoto Decl., ¶ 3.  Significantly, the primary method

20  of communication between Art.com and Class Members, including the method for sending order

21  confirmation and receipts, is email.  *Id.*, ¶ 4.  Further, the subject line of the email notice will state:

22  "Court-Approved Class Action Settlement Notice Re: Art.com" or words to that effect. The Class

23  Notice will be sent in the body of the email, as opposed to an attachment. These procedures will

24  reduce the likelihood of triggering spam filters.

25      Based on the experience of the Settlement Administrator, direct notice via email typically

26  reaches a substantial portion of the class. Prutsman Decl. ¶¶ 5-7.  The Settlement Administrator

27  will undertake procedures to help ensure that emails will be delivered to Class Members. Prior to

28  sending the Class Notice, the Settlement Administrator will notify all major ISP providers that it is

1   sending court documents to Class Members, a practice that significantly reduces the risk that the

2   email notice will be blocked by spam filters. Prutsman Decl., ¶ 9. The Settlement Administrator

3   will also track and monitor emails that may be bounced, and it will attempt to re-send bounced

4   emails to Class Members. *Id.*  Moreover, the Settlement Administrator will establish a settlement

5   website that will provide Class Members with relevant information about the settlement. *Id.*, ¶ 10.

6          In sum, notice via email and a settlement website is more likely to reach Class Members in

7   this case than sending costly paper notice to an address that may no longer be good. The contents

8   and dissemination of the proposed Class Notice constitute the best notice practicable under the

9   circumstances and fully comply with the requirements of Rule 23 and due process.

10  **VII.   <u>CONCLUSION</u>**

11         For the reasons set forth above, Plaintiff respectfully requests that the Court: (1) grant

12  preliminary approval of the class action settlement set forth in the Settlement Agreement;

13  (2) approve the Class Notice; (3) provisionally certify the Class described herein for settlement

14  purposes; (4) appoint Plaintiff as representative of the Class; (5) appoint Schneider Wallace

15  Cottrell Konecky & Wotkyns LLP and the Wand Law Firm as Class Counsel; (6) appoint Heffler

16  Claims Group as the Settlement Administrator; and (7) schedule a final fairness hearing. A

17  proposed order, which sets forth a proposed schedule for the settlement, is submitted herewith.

18

19  DATED:  March 2, 2017                    SCHNEIDER WALLACE COTTRELL KONECKY
                                            WOTKYNS LLP
20

21                                          By: /s/ Jason H. Kim
                                               JASON H. KIM
22

23                                          *Attorneys for Plaintiff*

24

25

26

27

28