THE WAND LAW FIRM
Aubry Wand (SBN 281207)
400 Corporate Pointe, Suite 300
Culver City, California 90230
Telephone: (310) 590-4503
Facsimile: (310) 590-4596
E-mail: awand@wandlawfirm.com

SCHNEIDER WALLACE COTTRELL
KONECKY WOTKYNS LLP
Todd M. Schneider (SBN 158253)
Jason H. Kim (SBN 220279)
180 Montgomery Street, Suite 2000
San Francisco, California 94104
Telephone: (415) 655-8510
Facsimile: (415) 421-7105
E-mail: tschneider@schneiderwallace.com
         jkim@schneiderwallace.com

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JAMES KNAPP, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ART.COM, INC., a California corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | CASE NO.: 16-cv-00768-WHO<br><br>**DECLARATION OF JAMES R. PRUTSMAN IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** |

I, James R. Prutsman, hereby declare:

1. I am a Partner of Heffler Claims Group LLC ("Heffler"), whose Corporate Office is located in Philadelphia, Pennsylvania. I have over twenty years of experience in class action settlement administration and have managed the successful administration on some of the nation's largest class action settlements.

2. Heffler has extensive experience in class action matters, having provided services in class action settlements involving antitrust, securities, employment and labor, consumer and government enforcement matters. Heffler has provided class action services in over 1,000 settlements varying in size and complexity over the past 45 years. During the past 45 years, Heffler distributed hundreds of millions of notices and billions of dollars in settlement funds and judgment proceeds to class members and claimants.

3. Heffler is prepared to provide a full complement of notification services for the case, including email notice, as described below.

4. Heffler will be provided the class data list containing names and email addresses for the notice campaign.

5. Email Notice: Heffler and the parties believe the email notice is the best notice practicable to reach class members for this settlement. In particular, Heffler understands from Art.com that its primary form of communication with consumers is via email. In addition, based on Heffler's experience, direct notice via email typically reaches a substantial portion of the class members.

6. Delivering direct notice by email was approved in *Rosado v. eBay, Inc.* in the United States District Court, Northern District of California – San Jose Division, Case No.: 5:12-cv-04005-EJD. In that case Heffler caused the sending of notices via email to the 2,546,704 class members identified as having a valid email address. Of the 2,546,704 notices sent, 2,280,459 were successfully delivered and 266,245 bounced, had a bad or malformed email addresses, or were otherwise undeliverable.

7.       Heffler has also provided notice via email as the direct notice in *Law Enforcement Officers, Inc. v J2 Web Services, Inc.* in the Superior Court of California, County of Los Angeles, Case No.: BC555721. The settlement in this case was preliminarily approved and is pending final approval. At this time there have not been any objections on this based on the method of direct notice provided.

8.       In preparation for the email notices, Heffler will work with the parties to finalize the language for the email notice. Once the email notice is approved, Heffler will provide the notice to the email vendor for layout in preparation for the email notice campaign. In addition, Heffler will prepare a file to send to the email vendor that will contain records for which an email address is provided in the class list. Once the email vendor has the notice and data, the email vendor will prepare proofs for Heffler and counsel for the parties to review. Upon approval of the proofs by Heffler and counsel, the email vendor will be provided approval to begin the email campaign, and emails will be sent to class members.

9.       As part of the email campaign process, the email vendor notifies each of the major Internet Service Providers ("ISP") that Heffler is about to begin a large email campaign. This greatly reduces the risk that the ISPs will incorrectly identify Heffler-originated emails as junk mail and intercept them or otherwise divert them from recipients' inboxes. In addition, the email service provider will review the proposed email subject line along with the content of the email for potential spam filter triggering words and phrases, and provide recommendations for any trouble spots. When the email campaign begins, the email vendor will track and monitor emails that are bounced. As part of the email campaign, the email vendor will attempt to re-send hard and/or soft bounced emails in an effort to deliver as many emails as possible.

10.      Settlement Website:  In an effort to further provide Settlement information to Class Members, Heffler will be establishing a Settlement Website for settlement. The website will contain among other things, copies of the Class Action Complaint, the Settlement Agreement, the Motion for Preliminary Approval of Settlement, the Preliminary Approval Order, the Motion for Attorneys' Fees and Costs (once filed), the Motion for Final Approval of Settlement (once filed),

and any court notices regarding a change in the date for the Final Approval Filing. Additionally, the Settlement Website will include a list of deadlines (set in the Court's Preliminary Approval Order) and will provide information regarding requesting exclusion from or objecting to the Settlement. The website will also list the date and time of the final approval hearing and contain a page for Frequently Asked Questions ("FAQs"). The Settlement Website will allow Settlement Class Members to contact counsel for Plaintiff with questions regarding the Settlement.

11. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 10th day of February 2017.

_____
James R. Prutsman