UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JAMES KNAPP, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ART.COM, INC., a California corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.: 3:16-CV-00768-WHO<br><br>**ORDER GRANTING PLAINTIFF'S RENEWED MOTION FOR ATTORNEYS' FEES AND COSTS** |

1   Plaintiff has moved for a second time for awards of attorneys' fees and costs to Class

2   Counsel and has also moved to designate Public Justice Foundation and Public Counsel as

3   substitute *cy pres* recipients. Dkt. No. 84. The Court heard argument regarding this motion on

4   October 3, 2018 at 2:00 pm. Jason H. Kim appeared on behalf of Plaintiff. Yaas C. Hejazi

5   appeared on behalf of Defendant. Timothy Mason Sandefur filed an objection, Dkt. No. 85, but

6   did not appear. Based upon the documents filed with the Court and oral argument at the hearing,

7   the Court makes the following findings of fact and conclusions of law pursuant to Fed. R. Civ.

8   Proc. 52 as follows:

## FINDINGS OF FACT

10   1.   On June 30, 2017, Plaintiff filed his Unopposed Motion for Approval of

11   Attorneys' Fees and Costs and Class Representative Service Award ("Motion"). Dkt. No. 69.

12   The Motion was directed to Class members by posting the complete contents of the Motion and

13   all supporting documents on the website established for this case, www.knappsettlement.com.

14   The Class Notice informed Class members that the Motion would be so posted on this website.

15   2.   The Motion was based upon a Settlement preliminarily approved by the Court by

16   Amended Order dated May 18, 2017. Dkt. No. 61. The Settlement Agreement provides that

17   Plaintiff would seek an award of attorneys' fees and costs of $745,000 and to seek a service

18   award to Plaintiff of $5,000. Settlement Agreement, Dkt. 53-1, ¶¶ 5.6, 5.7.

19   3.   The Settlement Agreement provides for injunctive relief in that Defendant

20   Art.com has agreed that any regular price to which Art.com refers in any advertising will be the

21   actual, bona fide price at which the item was openly and actively offered for sale, for a

22   reasonably substantial period of time, in the recent, regular course of business, honestly and in

23   good faith. *Id.*, ¶ 5.1. Furthermore, pursuant to the terms of the Settlement Agreement, Defendant

24   Art.com will implement a compliance program, which will consist of periodic (no less than once

25   a year) monitoring, training and auditing to ensure compliance with relevant laws, for a period of

26   at least four (4) years from the Effective Date of the Settlement. *Id.*

27

28

4.      The Settlement Agreement provides for monetary relief to the Class in the form of $10 vouchers,[1] which can be used for any product available on any of Defendant Art.com's e-commerce websites, including the taxes and shipping and handling associated with a product. Settlement Agreement, ¶ 3.19.  The vouchers are freely transferable and may be used multiple times until the amount is exhausted. The vouchers have an expiration date of 18 months after issuance. *Id*.

5.      On August 22, 2017, the Court filed its Order Granting Final Approval of Class Action Settlement and Granting in Part Motion for Attorney's and Costs, which finally approved the settlement and authorized payment of the class representative service award and Class Counsel's litigation costs. Dkt. No. 82; *Knapp v. Art.com, Inc.*, 283 F. Supp. 3d 823, 838 (N.D. Cal. Aug. 22, 2017) ("Final Approval Order").

6.      Pursuant to the Final Approval Order, the vouchers were distributed via email to all known class members and Art.com paid $61,242 to Class Counsel for litigation costs and $5,000 to Plaintiff for a service award.

7.      In the Final Approval Order, the Court also determined that the monetary relief provided to Class members constituted coupons within the meaning of the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1712. Based on this determination, the Court ordered that Class Counsel could refile a motion for attorneys' fees and costs after the voucher redemption rate had been determined.

8.      Plaintiff has now filed his Renewed Motion for Attorneys' Fees and Costs ("Renewed Motion") and provided information about the voucher redemption rate. As set forth in the Declaration of David Tjen, as of August 14, 2018, the total value of the vouchers redeemed pursuant to the Settlement is $142,940 and the vouchers were used in 14,567 transactions. Dkt. No. 84-7.

9.      To encourage the redemption of outstanding vouchers, Plaintiff contracted with the Settlement Administrator for a second email distribution on February 10, 2018 to remind

---

[1] The term "voucher" is used interchangeably with the term "coupon."

1  Class members about the vouchers, at a cost of $22,858. Declaration of Jason H. Kim ("Kim
2  Decl."), Dkt. No. 84-1 at ¶ 7, and Exhibit A.
3      10.    Plaintiff has incurred additional costs since the first fee application in the total
4  amount of $1,858 for travel costs for the final approval hearing, filing and messenger costs for
5  various motions filed since Plaintiff's previous request for costs, and fees for computerized legal
6  research and Pacer. Kim Decl. at ¶ 30 and Exhibit E.
7      11.    The Renewed Motion and all supporting documents were posted on the website
8  established for this matter soon after it was filed. Kim Decl. at ¶ 39.

## CONCLUSIONS OF LAW

1. The Renewed Motion complies with the notice requirements of Fed. R. Civ. Proc. 23(h).

2. Pursuant to *In re HP Inkjet Printer Litig.*, 716 F.3d 1173, 1179 (9th Cir. 2013), the Court performs the following calculation under 28 U.S.C. § 1712 based on information about coupon redemptions:

> The district court must perform two separate calculations to fully compensate class counsel. First, under subsection (a), the court must determine a reasonable contingency fee based on the actual redemption value of the coupons awarded. Second, under subsection (b), the court must determine a reasonable lodestar amount to compensate class counsel for any non-coupon relief obtained. This lodestar amount can be further adjusted upwards or downwards using an appropriate multiplier. In the end, the total amount of fees awarded under subsection (c) will be the sum of the amounts calculated under subsections (a) and (b).

3. Pursuant to subsection (a), the Court calculates a reasonable attorney fee of $71,470 calculated as 50% of the $142,940 value of redeemed vouchers.

4. Plaintiff has requested that this amount also include class administration expenses and the anticipated *cy pres* distribution. The Court concludes that this amount should not include either of these items. With respect to the *cy pres* distribution, the Court recognizes the substantial

amount of *cy pres* funding but notes it exists only because the claims rate was less than anticipated.

5. Pursuant to subsection (b), the Court calculates a reasonable attorney fee of $280,754, which is approximately 50% of Class Counsel's total lodestar in this matter, because the non-monetary relief was of material benefit to the class.

6. The Court concludes that the hours expended by Class Counsel in this matter were reasonable and that their hourly rates are reasonable based on the documentation provided by Class Counsel. The detailed time reports of Class Counsel show that collectively they devoted close to 1000 hours to this litigation and have a lodestar of $564,652. Kim Decl. at ¶ 16 and Exhibits B & C; Declaration of Aubry Wand, Dkt. No. 84-8, at ¶ 17 and Exhibit A.

7. The total fees awarded are $352,224, which is 62% of the lodestar amount, but under the CAFA analysis demanded by 28 U.S.C. § 1712 and *In re HP Inkjet Printer Litigation*, this amount is appropriate.

8. In addition to attorneys' fees, Class Counsel requests reimbursement of litigation costs in the amount of $24,716 for expenses that were not previously reimbursed. The Court is satisfied that these costs are reasonable, and therefore, the Court grants Plaintiffs' request for litigation costs in the amount of $24,716.

9. Accordingly, the Court approves the award of attorneys' fees and costs in the amount of $376,940 to Plaintiff from the $745,000 fund established pursuant to the Settlement for Plaintiff's attorneys' fees and costs pursuant to Fed. R. Civ. Proc. Rule 23(h) based on the findings of fact and conclusions of law set forth above.

10. Plaintiff has additionally moved to substitute Public Justice Foundation and Public Counsel as *cy pres* recipients in light of this Court's holding in the Final Approval Order that the National Consumer Law Center was not an appropriate *cy pres* recipient due to its current co-counsel relationship with one of Class Counsel. *Knapp*, 283 F. Supp. 3d at 835. The Court finds that both entities are appropriate *cy pres* recipients. Class Counsel and counsel for Art.com have disclosed their relationships with these two entities, Kim Decl., ¶¶ 35 & 37, and the Court does not find that any of these relationships render either recipient conflicted.

11. Thus, the Court orders that the amount of $306,818 be distributed in equal shares to the Public Justice Foundation and Public Counsel from the $745,000 fund established pursuant to the Settlement for Plaintiff's attorneys' fees and costs.

12. In combination with the Final Approval Order, this Order resolves all claims and all the parties' rights and liabilities. Thus, upon entry of this Order, the Clerk of the Court is directed to enter Final Judgment pursuant to the Settlement Agreement, the Final Approval Order, this Order, and Fed. R. Civ. Proc. 58(b)(2).

**IT IS SO ORDERED.**

DATED: October 24, 2018

_____
HONORABLE WILLIAM H. ORRICK
UNITED STATES DISTRICT COURT JUDGE