UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JAMES KNAPP, individually and on behalf of all others similarly situated,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>ART.COM, INC., a California corporation; and DOES 1 through 50, inclusive,<br><br>　　　　　　　Defendants. | Case No.: 3:16-CV-00768-WHO<br><br>[Hon. William H. Orrick]<br><br>**FINAL JUDGMENT** |

1. The Court, for purposes of this Final Judgment ("Judgment"), adopts all defined terms as set forth in the Settlement Agreement filed in this action.

2. The Court has jurisdiction over all claims asserted in this action, Plaintiff, the Class Members, and Defendant Art.com, Inc. ("Defendant").

3. The Court has found that the Settlement was made and entered into in good faith and has approved the Settlement as fair, adequate and reasonable to all Class Members.

4. Except as to Class Members who validly and timely requested exclusion from the Settlement, all of the claims asserted in this action are dismissed with prejudice as to Plaintiff and the other Class Members. The Parties shall bear their own respective attorneys' fees and costs, except as otherwise provided for in the Settlement and approved by the Court.

5. Solely for purposes of effectuating the Settlement, this Court has certified a class defined as follows:

> All persons, who between February 12, 2012, to June 9, 2016, purchased any product from Art.com through the e-commerce websites www.art.com, www.posters.com, and/or www.allposters.com, pursuant to a sale by entering a coupon code, and whose product was shipped to an address in the United States.

6. Notice to Class Members, as set forth in the Settlement, has been completed in conformity with the Preliminary Approval Order as to all Class Members who could be identified through reasonable effort. The Court finds that said notice was the best notice practicable under the circumstances. The Class Notice provided due and adequate notice to Class Members of the proceedings and of the matters set forth therein, including the Settlement, and the manner by which objections to the Settlement could be made and that Class Members could opt out of the Settlement. The Class Notice fully satisfied the requirements of due process.

7. By this Judgment, Plaintiff and all other Releasing Settlement Class Members are deemed to have, and by operation of the Judgment have, fully, finally, and forever released, relinquished and discharged all Released Claims against Defendant and the other Released Parties as defined herein.

8. Released Claims are any and all claims, rights, causes of action, penalties, demands, damages, debts, accounts, duties, costs and expenses (other than those costs and expenses required to be paid pursuant to the Settlement Agreement), liens, charges, complaints, causes of action, obligations, or liability of any and every kind that were asserted in this Action, or that could have been asserted but were not asserted in this Action or in any other court or forum, whether known or unknown, on the basis of, connected with, arising out of, or related in whole or in part to any or all of the alleged acts, omissions, facts, matters, transactions, circumstances, and occurrences that were directly or indirectly alleged, asserted, described, set forth, or referred to in the Action whether such allegations were or could have been based on common law or equity, or on any statute, rule, regulation, order, or law, whether federal, state, or local, including without limitation, claims under federal or state unfair competition and false advertising laws.

9. The Court has found that the Voucher compensation to the Class is fair and reasonable, and authorized the Settlement Administrator to issue Vouchers to Plaintiff and the Releasing Settlement Class Members in accordance with the terms of the Settlement Agreement.

10. If a Voucher remains unused after eighteen (18) months from issuance, the Voucher shall be deemed null and void.  In such event, the Releasing Settlement Class Member shall nevertheless remain bound by the Settlement.

11. Plaintiff James Knapp has been paid a Class Representative Service Award in the amount of $ 5,000 for his time and effort in bringing and presenting the action and for releasing his Released Claims.

12. Class Counsel has been awarded $ $438,182 for their reasonable attorneys' fees and costs incurred in the action from the $745,000 fund established pursuant to the Settlement for attorneys' fees and costs.

13. The remaining $306,818 in the fund referenced above shall be distributed in equal shares as a *cy pres* award to the Public Justice Foundation and Public Counsel.

14. For a period of four (4) years after the Effective Date of the Settlement, Defendant shall implement a compliance program, which will consist of periodic (no less than

once a year) monitoring and training to ensure compliance with relevant laws and will ensure that that any regular price to which Defendant refers in any advertising will be the actual, bona fide price at which the item was openly and actively offered for sale for a reasonable period of time.

15. Plaintiff and all Releasing Settlement Class Members are hereby forever barred and enjoined from prosecuting any of the Released Claims against Defendant and the other Released Parties as provided for in the Settlement.

16. The Settlement is not an admission by Defendant nor is this Judgment a finding of the validity of any claims asserted in the action or of any wrongdoing by Defendant. Furthermore, the Settlement is not a concession by Defendant or any of the other Released Parties and shall not be used as an admission of any fault, omission or wrongdoing by Defendant or any of the other Released Parties. Neither this Judgment, the Settlement nor any document referred to herein, nor any action taken to carry out the Settlement is, may be construed as, or may be used as, an admission by or against Defendant or any of the other Released Parties of any fault, wrongdoing or liability whatsoever. The entering into or carrying out of the Settlement and the Exhibits thereto, and any negotiations or proceedings related thereto, shall not in any event be construed as, or deemed to be evidence of, or an admission or concession with regard to, the denials or defenses by Defendant, and shall not be offered in evidence in any action or proceeding against the Parties hereto in any court, administrative agency or other tribunal for any purpose whatsoever other than to enforce the provisions of this Judgment and the Settlement; except that the Judgment, Settlement and Exhibits thereto, and any other papers and records on file in the action may be used in this Court and in any other legal proceeding as evidence of the Settlement to support a defense of res judicata, collateral estoppel, release, or other theory of claim or issue preclusion or similar defense as to the Released Claims.

17. The Parties shall implement the Settlement according to its terms.

18. The Court reserves exclusive and continuing jurisdiction over the action, Plaintiff, the Class Members, and Defendant for purposes of supervising the implementation,

1  enforcement, construction, administration and interpretation of the Settlement and this
2  Judgment.
3      19.    If the Settlement does not become final and effective in accordance with its
4  terms, this Judgment shall be rendered null and void and shall be vacated and, in such event, all
5  related orders entered and all releases delivered in connection herewith also shall be rendered
6  null and void.
7      20.    This Final Judgment resolves all claims asserted in this action and all the parties'
8  rights and liabilities with respect to this action.



DATED: November 5, 2018

HONORABLE WILLIAM H. ORRICK
UNITED STATES DISTRICT COURT JUDGE